ALBANY,
Jan. 1812.

DE LONG
v.
STANTON.

DE LONG *against* STANTON.

Where a submission was general *of all actions*, causes of actions, suits, &c. it was held that *parol* evidence was inadmissible to show that the arbitrators awarded concerning a matter which was not in controversy between the parties, at the time of the submission. Arbitrators are to decide *secundum allegata et probata*, and their decision on the matter is final.

THIS was an action of *covenant*, on a bond conditioned for the performance of an award. The cause was tried at the *Orange* circuit, in *September*, 1811.

The declaration stated that certain controversies, disputes and differences, having arisen, and being depending between the plaintiff and defendant, on a certain day, in the said declaration mentioned, the said plaintiff and defendant mutually entered into bonds of arbitration, which were respectively conditioned " to stand to, abide, perform, &c. the award, order, &c. of *David Ayres* and *Thomas Evertson*, of the town of *Deer Park*, in the county of *Orange*, arbitrators indifferently chosen and elected by the parties, to award, order, adjudge and determine of and concerning all manner of bargains, actions, causes of action, suits, bills, bonds, specialties, judgments, executions, extents, accounts, debts, dues, sum and sums of money, quarrels, controversies, trespasses, damages and demands whatsoever, both in law and equity, or otherwise howsoever, which at any time or times heretofore had been made, moved, brought, commenced, sued, prosecuted, committed, omitted, done, or suffered by or between the said parties, or either of them." That the arbitrators made an award pursuant to the condition of the bonds, and did, amongst other things, award that the defendant should pay to the plaintiff the sum of four hundred dollars, on or before the 1st day of *December*, 1810, and assigned, as a breach, the non-payment of the said sum.

On the trial of the cause, the facts necessary to be proved on the part of the plaintiff, in support of his declaration, being admitted, the counsel for the defendant offered to prove, in bar of the plaintiff's recovery, that at the time the parties submitted their disputes to arbitration as aforesaid, there were only two disputes or controversies which had arisen, and were then depending between them; one an indictment for a forcible entry and detainer found against the defendant on the prosecution of the plaintiff; the other an action of trespass in the *Orange* common pleas, by the plaintiff against the defendant; that, on the hearing before the arbitrators, the plaintiff offered to prove, that the defendant had been guilty of fraud in the sale of a farm, to him, some years before, by misrepresenting the value of the farm, and claimed damages for the injury he had sustained by such pretended fraud;

2

that the defendant's counsel then objected to the introduction of such testimony, but it was admitted by the arbitrators, who founded their award, in part, on that evidence; a considerable portion of the sum awarded to be paid by the defendant being intended by them, as a compensation to the plaintiff for the damages he had sustained by such pretended fraud. That at the time of the said submission, no dispute or controversy had arisen or existed between the parties relative to the sale of the farm; and that before that time, the farm in question, by virtue of a power contained in a mortgage thereof, executed by the plaintiff to the defendant, had been sold at public auction, in conformity to the provisions of the statute, and a complete title thereto again become vested in the defendant; that the facts alleged by the plaintiff relative to the conduct of the defendant, in the sale of the farm, as the same were proved before the arbitrators, did not amount to fraud either in law or equity, and therefore furnished no cause of action to the plaintiff against the defendant. To this evidence the counsel for the plaintiff objected, contending that the facts, if true, formed no bar to the plaintiff's recovery; and the evidence was overruled by the judge, who directed the jury to find a verdict for the plaintiff for the sum awarded, with interest.

A motion was made to set aside the verdict, and for a new trial.

*J. Duer*, for the defendant. 1. The evidence offered by the defendant, at the trial, and rejected by the judge, ought to have been received. However general the terms of the submission may be, the power of the arbitrators is limited to matters actually submitted, or to differences existing at the time. The object of the submission must be existing controversies; for it is absurd to suppose, that the parties could mean to submit to the decision of arbitrators, matters about which there was no dispute. The definition of an arbitrator, as well as the terms used in the submission, show that existing differences only can be the subject of submission. By the civil law, though the submission be general, yet the power of the arbitrators is limited to existing controversies.* Without such a restriction, the power of arbitrators would be unlimited and arbitrary; and they might decide on matters never foreseen or contemplated by the parties, themselves, as subjects of controversy.

In the case of *Ravee* v. *Farmer*,† the defendant pleaded an award, pursuant to a submission, of *all* matters in difference be-

* 1 *Domat,* 213. *Dig.* lib. 4. tit. 8. 1. 2t. s. 6.

† 4 *Term Rep.* 146.

ALBANY,
Jan. 1812.

DE LONG
v.
STANTON.

tween the parties, and the plaintiff replied, that the subject matter of that suit was not included in the reference ; and, on motion to set aside the verdict, the court said, that the plaintiff might show that the matter was not in difference between him and the defendant, at the time of the submission, nor referred to the arbitrators. And, in the case of *Golightly* v. *Jellicoe*,* where the plaintiff replied, that the subject of the action was never laid before the arbitrators, Lord *Mansfield* said, the only question was, whether a submission of *all matters in difference*, was a submission of *matters not in difference.*†

* 4 *Term Rep.* 146. note.

† *Kyd* on *Awards.* (2d edit.) 179, 180. *Dig.* lib. 4. tit. 8. 1. 43.

When ancient strictness, and modern liberality, are spoken of, we mean that strictness, in the construction of awards, which tended to defeat them ; and that liberality, which seeks to carry into effect the intention of the parties.

2. The terms of the submission, though general, do not include the matter of *fraud* in the sale of land. The words "causes of action," must be understood to mean a legal ground of action ; and if it could be shown that the matter alleged would not afford a cause of action, in law or equity, it could not be within the submission.

3. *Parol* evidence was admissible to show that the arbitrators exceeded their authority ; and it is not necessary that the excess of authority should appear on the face of the award. The rule, that nothing *dehors* the award can be given in evidence, does not apply to this case ; for it would be absurd to say, that if arbitrators exceed their authority, the award is void, and at the same time, reject the only evidence which can show that their authority has been exceeded. The rule is general ; and I find no authority limiting it to the case where the excess of authority appears on the face of the award. That the award was not ready to be delivered at the time, and that the arbitrators were insane, are facts *dehors* the award, and yet *parol* evidence is admissible to show them. It will be said, that an award is equivalent to a judgment ; and nothing extrinsic to a judgment can be offered in evidence to impeach it ; and *Barlow* v. *Todd,*‡ *Wills* v. *M'Cormick,*§ and *Kyd,*¶ will be relied on by the counsel on the other side. The court, in *Barlow* v. *Todd,* seemed to rely on the authority of *Wills* v. *M'Cormick;* but they might have proceeded on another ground, the state of the pleadings. I do not understand *Kyd,* or the court, in *Wills* v. *M'Cormick,* as meaning to lay down the broad rule, that *parol* evidence is, in *all cases,* inadmissible to impeach an award.**

‡ 3 *Johns. Rep.* 367.
§ 2 *Wils.* 148.
¶ *Kyd* on *Awards,* 328.

** 3 *East,* 346.

There is a wide difference between arbitrators exceeding their authority, and mistaking or abusing it. In the former case, it is analogous to a court acting without jurisdiction. A judgment, which would be otherwise final and conclusive, may be set aside on the ground of a want of jurisdiction. In *Baspole's Case*,\* in answer to the second objection, Lord *Coke* says, " When the submission is general of all actions, &c. *generale nihil certi implicat;* and, therefore, it may well stand with the generality of the words, that there was but one cause depending in controversy between them." The rule is laid down by *Denniston,* J. in *Hawkins* v. *Collough.*†

In *Morris* v. *Reynolds,*‡ *Holt,* Ch. J. said, that arbitrators being judges of the party's own choosing, the party shall not come and say they have not done him justice, and put the court to examine it; *aliter,* where they exceed their authority.

It may be said, perhaps, that in all the cases cited, there was something on the face of the award, which rendered it ambiguous, and that parol evidence was, therefore, admissible to explain it. If so, then awards cannot be considered as certain and conclusive as judgments. But the court say, on the legal construction of the words " of and concerning the premises," we intend that the arbitrators did not exceed their authority; but if you can show the contrary, you may do it.

In all the cases in which parol evidence has been held inadmissible to impeach the award, as partiality and corruption of the arbitrators, or because the award is against law or justice, &c. there are solid reasons for rejecting parol evidence; but I can discern no solid reason for rejecting such evidence in a case like the present.

*Storey* and *S. Jones,* jun. contra. The terms of submission were as broad and comprehensive as language could make them. It is objected that the arbitrators decided on a matter not in dispute between the parties; but who is to decide on that fact, unless it be the arbitrators. The alleged fraud, in the sale of the farm, was existing at the time of the action, and it being brought before the arbitrators, they were bound to decide upon it. In deciding on the fact of fraud, they must have necessarily determined whether it was a good cause of action. We do not deny that an award may be bad, where the arbitrators exceed their authority ; and that parol evidence is admissible where it does not contradict, or enlarge, or restrain the terms of the submission. But if admitted in this

ALBANY,
Jan. 1812.

DE LONG
v.
STANTON.

\* 8 *Co.* 98.

† 1 *Burr.* 277.
See, also, 1
*Saund.* 32.
note. *Palm-
er's Rep.* 107.
*Hutton,* 9.
*Hob.* 119.
‡ 1 *Salk.* 73.

ALBANY,
Jan. 1812.

DE LONG
v.
STANTON.

* 2 Johns.
Rep. 63.

case, it clearly goes to restrain and narrow the submission. The rule laid down in *Barlow* v. *Todd*, is general and positive, and perfectly conclusive·in the present case. An award is like a judgment, and parol evidence cannot be admitted to show that a court adjudicated on a matter not stated in the pleading, or comprised in the action brought before them.(*a*) In *Newland* v. *Douglas*,* this court held that parol evidence was inadmissible to show a palpable mistake or miscalculation of arbitrators.

*Duer*, in reply, said, that he did not pretend that parol evidence was admissible to explain or contradict the terms of the submission. Arbitrators, like all other persons acting under delegated powers, must pursue the terms of their authority. The terms used in this submission are merely to specify the subjects of difference. There must be an existing and legal cause of action. Parties never can be supposed to submit to the decision of arbitrators, matters about which there is no dispute, and where their rights are clear and undoubted. If the arbitrators have power to decide on the meaning of the words " causes of action," and to give them what construction they please, there is an end to all distinction between a general and a special submission. Suppose the submission had been as to a 'bond or specialty, and the arbitrators should choose to consider a promissory note as a *specialty*, and decide upon it, would their award be valid ?

*Per Curiam.* The submission in this case was general, and embraced " every demand and cause of action, in law or equity." No language could have been more comprehensive. If the allegation of fraud, in 'the sale of the farm, was true in fact, it was a cause of action embraced by the submission. (1 *Salk.* 211. 1 *Lev.* 102.) Parol evidence is not admissible to limit the extent of the submission, and to show that it was to be confined to matters actually in *dispute or controversy*; for this would be to contradict the bond. Nor can the defendant be admitted to show there was no such fraud as was alleged, for that would be to open the merits of the award, and to try over again a matter which had been included in the submission and the award. It was for the arbitrators to decide, *secundum allegata et probata*, whether the charge of fraud was made out. Their decision upon the point was final, according to the doctrine laid down in *Barlow* v. *Todd*. (3 *Johns. Rep.* 367.) The evidence offered, on the part of the defendant,

(*a*) But see *Seddon* v. *Tutop*, (6 *Term Rep.* 607.)

was, therefore, properly rejected at the trial, and the motion to set aside the verdict is denied.