In the matter of the award between SAMUEL and JOHN S. WILLIAMS and JOHN Z. GOODRICH and others.

On a motion to vacate an award of arbitrators, pursuant to 2 *R. S.* 542, § 10, the court is not confined to an examination of the submission and award; but may receive affidavits as to what took place at the hearing, to show that the arbitrators exceeded their powers, or that the award was not final.

Accordingly, where the submission authorized the arbitrators to award upon any lemands of J. S. W. against J. Z. G. and against the Glendale Company, all being

In the matter of Williams.

parties to the submission, and to charge J. Z. G. with any demands of J. S. W. against the Glendale *Mills*, another corporation not a party to the submission, if they should find that he ought to pay the same; and the arbitrators awarded a large sum against J. Z. G. in favor of J. S. W., which was shown by affidavit to embrace a debt owing by the Glendale *Company* to J. S. W., which the arbitrators charged upon J. Z. G. on the ground that he had converted the property of that company to his own use; *held* that the arbitrators had exceeded their authority, and that the award should be vacated.

And where the submission was of the separate demands of S. against J. Z. G. and against the Glendale Company, all being parties to the submission, and the arbitrators awarded that J. Z. G. should pay S. $2500; and it was shown by affidavit that this sum was allowed for the value of stock which S. owned in the Glendale Company, on the ground that J. Z. G. had possessed himself of the effects of that company; *held* that the question whether J. Z. G. should pay for the stock was not within the submission, and that the award should in this respect be vacated for an excess of jurisdiction.

Where an award directed that one of the parties to the submission should pay to another party a sum of money as the value of certain stock held by the latter in a manufacturing corporation, on the ground that the former had converted to his own use the effects of the corporation, but the award did not direct a transfer of the stock to the party charged with its value; *held* that it was void for not being *final* upon the matter submitted.

MOTION by Goodrich to vacate an award. The submission was by mutual bonds—one by Goodrich and The Glendale Company to S. & J. S. Williams; and the other by S. & J. S. Williams to Goodrich and The Glendale Company. The condition was, to submit to the decision of certain persons " named, selected and chosen arbitrators as well by and on the part and behalf of the said John Z. Goodrich, and The Glendale Company, and the said John Z. Goodrich as representing the late Glendale Mills; as of the said John S. Williams and Samuel Williams, between whom a controversy exists, to hear all the proofs and allegations of the parties of and concerning all actions and complaints, causes of action, debts, claims and demands which the said Samuel Williams individually, or as the representative of the late firm of Williams & Goodwin, or the said John S. Williams as the assignee of the said Samuel Williams has against the said John Z. Goodrich individually, and as a partner with others, or the said Glendale Mills, or the said Glendale Company, all, or any, or either of them : and which the said

John Z. Goodrich, The Glendale Mills, or the Glendale Company, all, any, or either of them, have against the said Samuel Williams individually, or as a partner with others, or against the said John S. Williams as assignee as aforesaid; and all differences and matters in dispute between the said parties, and all matters relating thereto." The award was to be made by a specified day. It was further provided by the submission, that any claims that might be awarded against Samuel Williams in favor either of the Glendale Company or of Goodrich might be set off, dollar for dollar, against any claims that might be awarded in favor of Samuel or John S. Williams, whether against Goodrich in any way, or the Glendale Company; and that the balance due either party should be paid. "And should the arbitrators find that the said Samuel Williams is entitled to recover any thing of the Glendale Mills, and should further find that the said Goodrich ought to pay the same, or any part thereof so found, to said Williams, the arbitrators shall so award. And should the arbitrators find that the said John Z. Goodrich is entitled to recover any thing of the Glendale Mills, and should further find that said Williams ought to pay the same, or any part thereof so found, to said Goodrich, the arbitrators shall so award. "

The submission provided that a judgment of this court should be rendered on the award.

The arbitrators made an award, by which, after reciting the submission, and that they had heard the proofs and allegations of the parties, and examined the various matters in controversy between them, and submitted by them, they awarded, " that John Z. Goodrich is indebted unto John S. Williams as assignee of Samuel Williams the just and full sum of" $15,253,80: "and that John Z. Goodrich is indebted to Samuel Williams two thousand five hundred dollars; ($2,500;) in both cases all offsets having been first duly considered and made. The arbitrators have duly considered all other matters referred to in the submission, and find nothing else whereon to award."

The affidavits of the parties, the arbitrators and others, presented to the court on the motion, show, that it appeared before

the arbitrators that Goodrich had been a principal owner in the Glendale Mills—a manufacturing company at Stockbridge, Massachusetts—the affairs of which company had become embarrassed, and it had stopped business. In the spring of 1840 Samuel Williams purchased stock in that company of Goodrich, amounting, at the par value, to $20,000. Goodrich still owned stock to the amount of $61,500; and Beach & Royce owned to the amount of $3,000. In December, 1840, the stockholders agreed to engage in manufacturing, under the agency of Goodrich; and S. Williams was to aid in procuring discounts and raising money to carry on the business. The mills, machinery, &c. to be used, were those of the Glendale Mills. The parties further agreed to procure a new charter; and in March, 1841, did procure from the Massachusetts legislature, the charter for a new manufacturing company, of the name of the Glendale Company. The stock of this company was taken by the stockholders of the former company in proportion to their interests in that company; Goodrich taking $36,000, Samuel Williams $11,800, and Beach & Royce $1,800. One Strong, also, had stock to $400, which equitably belonged to Goodrich. The company went on with the business; and large sums of money were raised for the company by Goodrich, with the aid of S. Williams, and his firm of Williams & Goodwin.

The sum of $15,253,80, awarded to J. S. Williams as assignee of Samuel Williams, was a debt due from the Glendale Company to S. Williams, for money which he had raised, and advances he had made for the purpose of carrying on the business of the company. For a part of the amount Goodrich had, as the arbitrators decided, made himself individually liable to S. Williams, by giving notes, on which the money was raised in his own name, and not as agent of the company. And Goodrich was charged with the residue of the aforesaid sum, on the ground that he had possessed himself of all the property and effects of the Glendale Company, and converted the same to his own use.

The $2,500 was awarded to Samuel Williams for his inter-

est in the Glendale Company. The sum was ascertained by inquiring into the affairs of the company, striking a balance between its effects and liabilities in favor of the stockholders, and giving Williams the above sum as his share in that balance. This was awarded against Goodrich, on the ground that the property of the company was in his hands and use. The object of the arbitrators was to make Goodrich the purchaser and the owner of Williams's stock and interest in the company; but they made no provision for a transfer of the stock.

Several claims were set up by Goodrich individually, and as representing the Glendale mills, and by the Glendale Company; all of which were rejected by the arbitrators; but no particular mention of those matters was made in the award.

*D. D. Field*, on behalf of Goodrich, moved to vacate the award on the grounds, 1. That there was evident partiality in the two arbitrators who united in the award; 2. The arbitrators exceeded their powers, by awarding upon matters not submitted; and 3. That they so imperfectly executed their powers that a mutual, final, and definite award on all the matters submitted was not made. He cited 2 *R. S.* 542, § 10; *Watson on Arb.* 146, 158, 163, 166; 5 *Cowen*, 197; 7 *East*, 81; 16 *id.* 58; 2 *Moore*, 728; 11 *East*, 189; 22 *Pick.* 417; 14 *John.* 302; 3 *Bing.* 634; 12 *Wend.* 377; 3 *Cowen*, 70; 5 *Wheat.* 394; 11 *id.* 446; 4 *T. R.* 146; 3 *Greenl.* 85; 5 *id.* 192; 1 *Rawle*, 304; 2 *N. Hamp.* 429; 9 *Mass.* 329; 6 *Pick.* 269; 1 *Cowen*, 117; 7 *id.* 293; 2 *Greenl. Ev.* § 78; 5 *Ad. & El.* 600; 8 *Bing.* 13; 1 *Barn. & Ad.* 723; 8 *Ad. & El.* 235, 290; 10 *id.* 139; 3 *Ad. & El.* 295; 1 *Brod. & Bing.* 80; 1 *Wend.* 326.

*S. Stevens*, for S. and J. S. Williams, cited 10 *Wend.* 589; 17 *id.* 410; 14 *John.* 106; 12 *id.* 311; 3 *Caines*, 253; 1 *id.* 804; 2 *id.* 320; 3 *John.* 367; 1 *Hill*, 489; 9 *John.* 38; 2 *John. Ch.* 551; 17 *Wend.* 462, 410; 1 *Brod. & Bing.* 432.

In the matter of Williams.

*By the Court*, BRONSON, Ch. J. When the parties have agreed in their written submission, that a judgment of this court shall be rendered upon the award, we have power, upon motion, to vacate the award, on the grounds, among others, that the arbitrators exceeded their powers; or that they so imperfectly executed them, that a mutual, final and definite award on the subject matter submitted, was not made. (2 *R. S.* 542, § 10.) But the statute has not determined whether, in settling these questions, we are confined to an examination of the submission and award; or whether we can go beyond them, and inquire what took place on the hearing. In actions involving the validity of an award, the rule in this state was formerly understood to be, that you could not impeach the award by going behind it, and showing that the arbitrators either exceeded their authority, or omitted to decide on all the matters submitted. (*Barlow* v. *Todd*, 3 *John.* 367, *S. C. in chancery*, 2 *John. Ch.* 551; *Delong* v. *Stanton*, 9 *John.* 38.) That rule we followed in *Butler* v. *The Mayor*, &c. *of N. Y.* (1 *Hill*, 489,) which was an action involving the validity of an award. The reversal of that judgment by the court for the correction of errors, (7 *Hill*, 329,) has settled, that the parties may go behind the award for the purpose of impeaching it; and if that may be done in an action, it is quite clear that it may be done on a motion to vacate the award. There may be room for doubt whether this doctrine will exert a wholesome influence; but that is a question which belongs to others.

When this motion was made, the reversal of our judgment in *Butler* v. *The Mayor*, &c. *of N. Y.* was not mentioned at the bar; and the fact had entirely escaped my recollection. But our attention has since been called to the decision of the court of errors; and that has settled the only doubt which I ever felt about this motion. If we must look behind the award, I think it clear that the arbitrators exceeded their powers.

The whole sum of $15,253,80, which was awarded to John S. Williams as the assignee of Samuel, was a debt due from the Glendale Company. The arbitrators charged Goodrich with the whole of this debt, on the ground, that as to a part

of it, he had made himself personally liable by giving notes in his own name, instead of giving them as agent of the company; and as to the residue, the arbitrators proceeded on the ground that Goodrich ought to pay the debt, because he had possessed himself of all the effects of the company, and converted the same to his own use. However just it may be that Goodrich should pay all the debts of the Glendale Company, I think it was not submitted to the arbitrators to say whether he should pay them or not, any further than he had bound himself by contract for their payment. The fact that the Glendale Company, as well as Goodrich, was a party to the submission, goes far to show that the company was to answer for itself; and that the parties did not contemplate that Goodrich should answer for the defaults of the company. This view is strongly confirmed by the fact that Goodrich became a party to the submission, not only on his own account, but also "as representing the Glendale Mills;" which was another corporation. This express consent of Goodrich to stand as the representative of the Glendale Mills, renders the inference nearly or quite conclusive, that he was not to stand in the place of the Glendale Company, concerning which there was no such agreement. But this is not all. The parties go on in the submission, and provide in express terms, that Goodrich may be charged with any thing which may be found due to Williams from the Glendale Mills. As there is no such agreement in relation to the debts of the Glendale Company, and the company is itself a party to the submission, the inference is irresistible that the parties did not submit the question whether Goodrich should be charged with the debts of the company. It is plain, therefore, that the arbitrators have exceeded their powers. And as that portion of the debts of the company which Goodrich had not contracted to pay, has been mingled with the rest, and the whole awarded in one gross sum, the whole of this branch of the award must fall to the ground. (*Thrasher* v. *Haynes*, 2 *N. Hamp.* 429.)

The award of $2,500 to Samuel Williams, for his interest in the Glendale Company, was also a plain excess of jurisdiction

on the part of the arbitrators. The parties did not submit the question whether Williams should sell his stock in the company to Goodrich, nor whether Goodrich should buy it; and of course they submitted nothing in relation to the price or value of the stock.

If the question about stock had been submitted, the award would then have been open to the further objection, that it is not mutual and final; for while Williams is to be paid for his stock, there is no provision that he shall transfer it to Goodrich.

I am inclined to the opinion that there are other valid objections to the award; but we need not go beyond those which have been considered. It is proper, however, to say that we see no just ground for the charge of partiality in the two arbitrators who made the award. We think they erred in judgment in relation to the extent of their powers; and not that they intended to favor either of the parties at the expense of the other.

Award vacated.