WILLIAM FOWLER, et al, Appellants, against JOHN ATKINSON, Respondent.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

Applications for leave to amend pleadings are addressed to the discretion of the Court, and as a general rule whatever rests in discretion alone, cannot be the subject of review in the higher courts. Nothing but a gross abuse of this discretion on the part of the inferior court, or the positive authority of a Statute, would justify an interference with the exercise of this discretion.

Points and authorities of Respondent.

The granting or refusal to grant the amendment offered was a matter of discretion, and is not subject to review. *Smith vs. Babcock*, 3 *Sumner*, 410; 3 *Code Reporter*, 85; *Roth vs. Sloss*, 6 *Barb.* [308; 3 *Sme. & M.* 409; *Tanner vs. Hicks*, 4 *Ib.* 294, 353; *Comp. Stat., p.* 518, *sec.* 127; *Willard's Equity*, 63; *Lyon vs. Richmond*, 2 *John. Ch. R.* 51; *Stows vs. Baker*, 6 *John. Ch. R.* 169; 9 *Barb.* 532; 10 *Barb.* 9, 16; 18 *Wend.* 417.

NEWELL & TOMKINS, Counsel for Appellants.

L. E. THOMPSON, Counsel for Respondent.

*By the Court*—EMMETT, C. J. This action was commenced before a Justice of the Peace. The Plaintiff declared for the balance due upon a promissory note signed by the Defendants. The Defendants answered that they were trustees of a certain school district. That the Plaintiff, having voluntarily advanced moneys to build or finish a school house for said district, they, as such trustees, gave the note in question to the Plaintiff merely as evidence of the sum due him from the district for such advances, and that they signed said note in their official capacity only and with the distinct understanding and agreement with the Plaintiff, that they were not to be held personally responsible for its payment, but the same was to be collected from the taxpayers of the district. They alleged also that the payments thereon indorsed were for moneys received from said taxpayers, and they admitted that there was still due upon the note, from the district, the sum of forty-six dollars.

The Justice tried the case on the issues thus made, and gave judgment for the Plaintiff, from which the Defendants appealed to the District Court.

After the appeal was perfected, the Defendants moved the District Court for leave to file an amended answer, in which the foregoing defence was stated with greater particularity, and which also contained the further allegations that the

note was given at the Plaintiff's request, he knowing that the district had given the Defendants no authority to execute notes for any purpose, and that by mistake the Defendants had omitted to add to their signatures, their character as trustees, in which capacity alone they had signed the note.

The Court refused to permit the amendment, and the Defendants then appealed to this Court, from the order overruling the motion to amend.

The Plaintiff moves to dismiss the appeal on the ground that the order appealed from is not an appealable order.

We think this objection fatal. Applications for leave to amend pleadings, are addressed to the discretion of the Court, and, as a general rule, whatever rests in discretion alone cannot be the subject of review in the higher courts. Nothing but a gross abuse of this discretion on the part of the inferior court, or the positive authority of a statute, would justify us in trenching upon this long established doctrine. We have carefully examined every statute in relation to appeals to this Court, but find nothing authorizing an appeal from such an order as this. And had there even been such an abuse of discretion in this case (which however by no means appears) as would have warranted a review by this Court, it could make no difference in the decision of this motion, for the remedy could only be reached by writ of error, or an appeal from the judgment.

The motion to dismiss the appeal is granted.