WILLIAM FOWLER, *et als.*, Appellants, *vs.* JOHN ATKINSON, Respondent.

### MOTION FOR RE-ARGUMENT OF CASE IN 5 MINN., 505.

Where an appeal is taken the paper books should in all cases show whether the appeal is from an order or judgment.

It is only by appeal from the judgment that an abuse of discretion may be reviewed, and not by writ of error, as stated in *Fowler vs. Atkinson*, 5 *Minn.*, 505.

The mere addition of the words "Trustees of School District No. 5" to the signatures to a promissory note, will not relieve the makers from personal liability thereon. It must appear in or from the instrument itself, that they executed the same in their capacity as trustees. *See Sanborn vs. Neal et al.*, 4 *Minn.*, 126.

NEWELL & TOMPKINS, Counsel for Appellants.

L. E. THOMPSON, Counsel for Respondent.

*By the Court*—ATWATER, J.—The motion is based upon the ground that the paper books furnished by Appellants to this Court, upon the argument of the case, (*see* 5 *Minn.*, 505,) did not contain the record of the final judgment in said action in the Court below, and that the decision of this Court was made upon the ground and under the belief that the appeal was from the order of the Court below, refusing Appellants leave to serve and file their amended answer, setting up mistake in the execution of the note, and not from the judgment in the action, when in fact the appeal was from the judgment and not from the order.

It is true that the Court were led into the error above referred to, from the defect in the paper books in disclosing that the appeal was from the judgment, and not from the order. And we here take occasion to state, that where an appeal is taken, the paper books should in all cases show whether the appeal is from an order or from a judgment. For though counsel may state upon the argument from what the appeal is taken, it cannot be expected that verbal statements of this nature should at all times be recollected by the Court, when deciding causes, perhaps a considerable time after the argument. And where the Court has been led into an error in its decision from the omission of the paper books to state the facts correctly, the party whose duty it is to prepare such books, if not estopped from moving for a re-argument to correct such error, would at least be required to present very strong equities to entitle him to a favor, which he is compelled to seek on account of his own neglect.

Upon a more careful examination of the case of *Fowler vs. Atkinson*, 5 *Minn.*, 505, we think the statement was inadvertently made, that an abuse of discretion may be reviewed by writ of error. It is only by appeal from the judgment that such error can be reached, and though the appeal in that case was from the judgment and not from an order, the decision was correct on the ground therein stated, to-wit, that there was no abuse of discretion, but on the contrary, we think the ruling of the Court was entirely correct. We are unanimously of the opinion, that the answer, even if taken as true,

constituted no defence to the action. For the correction of the instrument as prayed for in the answer, to wit, by the addition of the description of Defendants as trustees of said school district, to their signatures to the note, would not have relieved them from personal liability on the note. In order to bring the case within the rule laid down in *Sanborn vs. Neal et al.*, 4 *Minn.*, 126, it must appear in or from the instrument itself that they executed the same in their capacity as trustees, and the answer does not seek to have the note so reformed. As the decision of that case was correct upon the merits, the motion for a re-argument must be denied.