## WHITE & MARKS VS. GEORGE CULVER.

When the case is not one of variance, but of failure of proof, under *sec.* 92, *p.* 544, *Pub. Stat.*, a motion for an amendment is addressed to the discretion of the Court under *sec.* 94, and no appeal lies from an order denying such amendment unless a gross abuse of discretion is clearly established.

The complaint in this action states in substance that the plain-

tiffs, White & Marks, had an interest in a certain judgment or decree against one A. M. Fridley, in Benton County, on the 15th January, 1856, to the amount of $5083.58; and that in March, 1856, the plaintiffs entered into an agreement with the defendant Culver, that he should collect the amount due them in said decree on shares, and a receipt or paper was executed by said Culver, embracing the terms of said agreement; "*that on or about the 26th day of March,* 1858, *the said Culver acknowledged the receipt of payment of the full amount due these plaintiffs upon said judgment or decree,*" and requested and directed the attorneys for the plaintiffs in said judgment or decree to satisfy the same of record, and that " the said judgment and decree was upon such request and direction satisfied upon the records by said attorneys." The plaintiffs demand judgment against the defendant Culver for one-half of said sum of $5083.58, with interest and costs. There is no allegation in the complaint that the decree against Fridley or any portion thereof has ever been paid.

The answer admits substantially the statement in the complaint respecting the recovery of the judgment against Fridley, and the agreement respecting the collection of the interest of the plaintiffs therein, but denies " that he (the defendant) *ever acknowledged receipt of payment of the amount due said plaintiffs, or claimed to be due by them, on said judgment, or any part thereof, or that he ever received said amount, or any part thereof.*" The answer also denies that said judgment has ever been satisfied of record, or otherwise discharged. There was some new matter set up in the answer, not material in the statement of the case, to which the plaintiffs replied.

The cause was tried by the Court without a jury, at a general term held in Blue Earth County on the 16th of June, 1863. The plaintiffs offered in evidence a certain paper containing the title of the cause, in which the said decree was entered against Fridley, which was signed by the defendant Culver and others, and was addressed to the attorneys for the plaintiffs in said decree, which paper contains the following words: " Gentlemen: Please satisfy upon the record the decree in the above entitled cause, rendered

on the 15th day of January, 1856, against A. M. Fridley, the defendant, the same having been by him fully paid to us, March 26, 1858." The paper was admitted in evidence, under objection by the counsel for the defendant, and the plaintiffs rested their cause.

The counsel for defendant moved that the action be dismissed on the following grounds :

"1. That the plaintiffs have not established by the pleadings or by the evidence that the money has been collected by defendant.

"2. No averment of payment in the complaint."

The plaintiffs' counsel then asked for leave to amend the complaint by alleging in more direct terms "that the defendant collected the amount of said judgment." Both motions were taken under advisement by the Court, and the trial proceeded with the introduction of testimony on the part of the defence, until the whole case was closed. The Court then denied the motion to amend the complaint, and granted the motion to dismiss the action. The plaintiffs appeal to this Court.

WILLARD & BARNEY for Appellants.

I.—The District Court erred in refusing to the plaintiffs leave so to amend their complaint as to conform to the evidence. The complaint alleges that the defendant acknowledged the payment to him of the money for the recovery of which the action was brought. The written evidence signed by the defendant, established the fact that the money had been paid to him. The application was for leave to amend so as to allege payment in fact, instead of acknowledgment of payment. Though the application should be considered as addressed to the discretion of the Court, it was under our statute an abuse of discretion to refuse it. *Comp. Stat.*, 543-4, *secs.* 86, 87—(90), (91.) The proposed amendment was only to substitute an allegation of fact, in place of alleged evidence of it, and the defendant could not have been prejudiced, or otherwise than technically surprised by it.

II.—The plaintiff had assigned to defendant the decree against Fridley to collect on terms—shares. The legal title to and exclu-

White & Marks vs. Culver.

sive control of the decree, was by the assignment vested in defendant, and he became trustee for plaintiffs to the amount of their share, and was bound to use and exercise all that care and prudence which the law imposes upon trustees. When he acknowledged payment of the decree, and directed it to be satisfied, he personally assumed the responsibility of the terms on which he did it. If he, on Fridley's promise, acknowledged payment and satisfaction, he, so far as the plaintiffs are concerned, took such promise as and in lieu of money, and must account to plaintiffs accordingly. He can't compel them to litigate with Fridley the fact of payment against his own written acknowledgment of it, whether it be true or false. His solemn written acknowledgment of payment and satisfaction, is conclusive between him and the plaintiff, however it may be between him and Fridley, or between plaintiffs and Fridley; for such acknowledment is *prima facie* a complete defence to any proceeding on the decree; and the plaintiffs cannot in any manner proceed upon the decree without a reassignment of it by the defendant to them. They can neither compel such re-assignment or be required to accept it.

H. J. HORN for Respondent.

I.—The complaint does not aver that the defendant ever collected the judgment in question or any part thereof, and the finding shows that in point of fact he did not.

II.—The complaint charges as a ground of action that the defendant discharged the judgment, and seems to claim damage thereon. No special damage, however, is averred in the complaint, and the finding shows that this judgment was never satisfied of record.

III.—The acknowledgment of the defendant, so-called, was not a discharge of this judgment; it could not operate as a satisfaction piece, and was never delivered to Fridley.

This paper will be found to be the instructions of the defendant to Mr. Becker, his counsel in the case, and intended to be Mr. Becker's warrant in case he acted under it. It was not a receipt

or release to Fridley.   As an admission it was unimportant, being a communication between client and counsel.  *Sec.* 53, *chap.* 84, *Statutes of Minn.*, *p.* 682.

Mr. Becker never discharged the judgment by satisfying the judgment of record or otherwise, so that in no event are the plaintiffs in a worse position than before the paper was given to Becker.

IV.—The amendment asked for by the plaintiffs was properly refused, as there was no evidence to sustain it, (the paper given Mr. Becker was pleaded not as payment, but as a discharge of the judgment).   The refusal was also discretionary and not subject of review.

*By the Court*—BERRY, J.—This action was tried by the Court below without the intervention of a jury.   After the appellants had rested their case, a motion was made by the respondent to dismiss the action for reasons specified.   Thereupon the appellants moved to amend the complaint.   Both motions were taken under advisement by the Court, and the trial proceeded with the introduction of testimony on the part of the defence, until the whole case was closed.   After recapitulating the facts appearing from the testimony upon both sides, and laying down his conclusions of law, the judge says: "I do not think the motion to amend the complaint should obtain.   And I am clearly of the opinion that the motion for an order of dismissal of this action should be sustained, and it is accordingly so ordered."   Assuming that this was equivalent to an order denying the motion to amend, as well as an order of dismissal, the first question upon which we have to pass is whether the denial of the motion is proper, or can be reviewed if it was improper.   Both motions were made upon the close of the plaintiff's evidence, and we must come to a decision with reference to that stage of the trial, and have nothing to do with the testimony subsequently introduced on the part of the defence, or with the findings of the Court thereon.   The counsel for the appellants insists that the denial of the motion to amend (even if the motion was addressed to the discretion of the Court) was an abuse of discretion, and cites us to *secs.* 90, 91, *pp.* 543, 544, *Pub. Stat.*

White & Marks vs. Culver.

Both of these sections treat of variances, and are materially con-
trolled by *section* 92, which reads as follows: " When, however,
the allegation of the claim or defence to which the proof is di-
rected is unproved, not in some particular only, but in its general
scope and meaning, it is not to be deemed a case of variance
within the last two sections, but a failure of proof." 1 *Van Sant.
Pl.*, 822, 2d *Ed.; Egert vs. Wicker,* 10 *How. Pr. R.*, 197; *Texier
vs. Gouin, 5 Duer,* 391.

In the case before us the complaint claims that the defendant
had undertaken to collect a certain judgment, or interest in a
judgment belonging to the complainants, on shares, and alleges,
not that he had made collection, but that he had acknowledged
receipt of payment, authorized his attorneys to satisfy the judg-
ment, and that the same was thereupon satisfied of record. The
evidence which was received, subject to objection for incompe-
tency, &c., showed that the defendant had given to the attorneys
a writing in which he requested them to satisfy the judgment, and
reciting that the same had been fully paid. But no evidence was
offered to show that this writing had ever been acted upon by the
entry of satisfaction upon the record or otherwise. We take it
that the most substantial allegation in the complaint was the state-
ment that the judgment had been satisfied. There may be some
reason to doubt whether the complaint was not fatally defective
in omitting to set up special damage arising from the satisfaction,
but waiving that, it is clear that the averment of the acknowledg-
ment of payment was an averment of a mere matter of evidence,
and not traversable or issuable, and that the other allegations were
introductory. It is plain that without the averment of satisfac-
tion the complaint failed to state facts sufficient to constitute a
cause of action. When, then, the complainants failed to establish
the fact of the satisfaction of the judgment, we apprehend that
the case was not one of variance, but of failure of proof. If this
view be correct, then the application to amend must have been
made under *sec.* 94, *p.* 544, *Pub. Stat.* We have been unable to
find any authority holding that where an amendment is asked for
under this section, the denial of the motion will be error, review-

able by an appellate Court, unless it is clear that the denial was a gross and palpable abuse of discretion. See, on the contrary, *Roth vs. Schloss*, 8 *Barb.*, 308; *Brown vs. McCune*, 5 *Sand.*, 229; *Hunt vs. H. R. F. I. Co.*, 1 *Duer*, 489; *Robbins vs. Richardson*, 2 *Bos.*, 256–7; *Kinam vs. Roberts*, 6 *Bos.*, 165; *White vs. Stevenson*, 4 *Den.*, 194; *Mil. & M. R. R. Co. vs. Finney*, 10 *Wis.*, 391; *Gillett vs. Robbins*, 12 *Wis.*, 331; 5 *Minn.*, 507; 8 *Minn.*, 329; 9 *Minn.*, 181. *Roth vs. Schloss*, 6 *Barb. S. C. R.*, 308, seems to be a prominent case on this subject. The facts were that the defendant had recovered a judgment against Warner and Schneider, in Albany County; that execution was issued to the sheriff of Madison County, and levied by him upon the property of W. & S., who thereupon paid the same to the sheriff. No transcript had been filed, nor had the judgment been docketed in the county of Madison. The plaintiffs supposing this omission entitled W. & S. to recover back the money paid, took an assignment of their claim and brought this action. The defendant moved for a nonsuit on the facts as above stated, and the plaintiff offered to amend his complaint so as to allege that the money was paid "in mistake and misconception of the facts, and supposing the execution to be a legal and valid process," and to make proof accordingly. This offer was made first under sections 145 and 146 of the New York code, corresponding to sections 90 and 91 of our code, and secondly under section 149, corresponding to section 94 of our code, and denied in both cases. On appeal from an order denying a new trial, Gridley, Justice, says: "The question of amendment did not arise under sections 145 and 146 of the code. There was no variance in the case. There was an omission of the entire allegation offered to be proved. It was, therefore, a case under the 149th section, and the motion should not have been granted unless it clearly appeared that to grant it would be in furtherance of justice. * * * But we do not think that the denial of a motion to amend, where the law reposes a discretion in the judge, is an appropriate ground of exception. To sustain an exception for a refusal of the judge at the trial to allow an amendment of the complaint, the party must show a clear case of

unquestionable right, and that case seldom occurs except under the 145th section.   See also *Catlin vs. Hanson*, 1 *Duer*, 327 ; *Texier vs. Gouin*, 5 *Duer*, 391 ; *Poirer vs. Fisher*, 8 *Bos.*, 263 ; *Kelsey vs. Western*, 2 *Coms.*, 507 ; *Van Sant. Pl.*, 2d *Ed.*, 822–3, *and cases cited supra.*

There is nothing in the case before us to show any gross abuse of discretion in refusing the amendment.   It was very easy for the plaintiffs to have ascertained whether the judgment had been satisfied of record or not, and if they saw fit to. commence their action and draw their complaint without first ascertaining a fact of that nature and importance, they certainly have not placed themselves in a position to insist upon the favor of an amendment, after an answer has been put in denying the satisfaction of the judgment, followed by a reply on their own part, and after they have brought the defendant to trial, introduced their evidence and rested their case.   Failing to establish the satisfaction of the judgment, the motion to dismiss was properly granted. *Van Sant. Pl.*, 822–3; *and cases cited ; Pub. Stat.*, 554, sec. 170, *subdiv.* 3. Although the question is not, perhaps, necessarily before us, we do not see how, upon the evidence as reported in the case, and the findings of fact by the Court, the plaintiffs could recover even if the amendment had been allowed, and upon the merits of the whole case.

The order denying the motion for a new trial is affirmed.