JOHN PFEIFER v. NATIONAL LIVE STOCK INSURANCE COMPANY.[1]

Nov. 25, 1895.

Nos. 9521--(38).

Written Instrument—Parol Evidence.

> *Held* that, where the language of a written instrument applies equally well to more objects than one, parol evidence is admissible to show to which the instrument relates.

Findings Sustained.

> Evidence considered, and *held* to sustain the findings.

Appeal by defendant from a judgment of the municipal court of St. Paul, in favor of plaintiff for $136.67, entered in pursuance of the findings and order of Twohy, J. Affirmed.

*Young & Lightner*, for appellant.

Parol evidence is inadmissible to add to or vary the terms of the policy of the Albany Company. 2 Taylor, Ev. § 1053; Greenleaf, Ev. § 281; citing Weston v. Emes, 1 Taunt. 115; 3 Phillipps, Ev. 233, citing Wilson v. Hanson, 12 Me. 58; Lewis v. Thatcher, 15 Mass. 431; Higginson v. Dall, 13 Mass. 96. The provision in defendant's policy that it should not be liable for a loss occurring at a time when any part of the premium was due and unpaid is valid. Phenix Ins. Co. v. Bachelder, 32 Neb. 490, 49 N. W. 217; Curtin v. Phenix Ins. Co., 78 Cal. 619, 21 Pac. 370.

[1] Reported in 64 N. W. 1018.

*Michael & Peebles*, for respondent.

This is not a case of changing a written instrument by parol, but of a modification or cancellation of a policy already issued. A verbal agreement enlarging or modifying an existing policy is valid. 11 Amer. & Eng. Enc. Law, p. 281, citing Westchester F. Ins. Co. v. Earle, 33 Mich. 143. Parol evidence may be introduced to explain what possibly might be ambiguous. Case v. Young, 3 Minn. 140 (209).

START, C. J. Action to recover on an insurance policy issued by defendant to plaintiff on his mare Kate, which was destroyed by fire during the life of the policy. Originally, the policy, issued December 2, 1892, insured the plaintiff to the amount of $175 against loss by death of the animal from any cause exclusive of fire and lightning, as she was at this time insured against loss by fire in the Albany Fire Insurance Company, and included in the following description of the second item in its policy, viz.: "$250.00 on his two horses (being $125.00 on each horse)." On December 13, 1892, pursuant to an agreement between the parties hereto, the defendant added to its original policy to the plaintiff these words: "This policy covers fire and lightning on and after December 13, '92, so far as it does not conflict with assured's regular fire policy. Covers when fire policy does not cover only." Thereafter, and on December 24, 1892, the insurance on the mare in the Albany Company was, as the plaintiff claims, canceled, pursuant to an agreement between the plaintiff and the Albany Company, and the latter indorsed on its policy to the plaintiff these words: "Indorsement: Dec. 24, '92. In consideration of $2.63, return premium, paid to assured, the second item of this policy is hereby reduced to the sum of $125, covering one horse only." The defense to this action was (1) that the mare was covered by the fire policy issued by the Albany Company at the time the loss occurred; (2) that the premium was then due and unpaid on the policy. The defendant also interposed three counterclaims. Trial by the court, without a jury. Findings of fact in favor of the plaintiff, and judgment ordered for him, less the amount of the counterclaims alleged. Judgment so entered, from which the defendant appealed.

1. The trial court admitted parol evidence, over the objection and exception of the defendant, to show that the insurance on the mare Kate was canceled in the fire policy of the Albany Company by the

indorsement thereon above set forth, and found as a fact that such insurance was canceled before the loss occurred.   Did the court err in receiving the parol evidence to show as to which one of the two horses originally covered by the Albany policy the insurance was canceled?   Counsel for the defendant claims that it did, for the reason that it was an attempt to add by parol a substantial provision to the terms of a written contract.   Of course, if his premises are correct, the conclusion follows that it was error to admit the oral evidence.   To test the accuracy of the claim, suppose that plaintiff had sued the Albany Company for the loss of the mare, and it had answered that she was originally covered by the policy, but that, in consideration of $2.63 return premium paid by it to the plaintiff, the insurance on this mare was canceled before the loss occurred, and, on the trial of the action, had offered the indorsement made upon the policy, with parol evidence to identify the horse as to which the policy was canceled.   Could there be any question as to the competency of the evidence?   It would seem not, for, in any view of the case, the evidence would be competent, under proper allegations in the answer, to establish a reformation of the terms of the indorsement or cancellation, and give it effect in accordance with the intention of the parties.

But the defendant is not a party to such indorsement.   There can be no reformation between it and the plaintiff.   It cannot insist upon its being given an effect the parties never intended it to have, and the parol evidence which would have been competent between the original parties must be competent between the parties to this action; otherwise, the plaintiff would be defeated in his action against the Albany Company because the insurance had been canceled upon the mare Kate, and in his action against this defendant because it had not been canceled.   The rule that parol evidence is not admissible to vary the terms of a complete written instrument is applicable only in suits between the parties and privies to the instrument.   Van Eman v. Stanchfield, 10 Minn. 197 (255); Sanborn v. Sturtevant, 17 Minn. 174 (200); Buxton v. Beal, 49 Minn. 230, 51 N. W. 918; Clerihew v. West Side Bank, 50 Minn. 538, 52 N. W. 967.   It would then have been competent for the defendant in this case to offer parol evidence to show that it was neither the agreement nor the intention of the parties to the original policy to

cancel the insurance as to the mare Kate.    If this is so, it would seem to follow that it was competent for the plaintiff to show by parol evidence that the agreement and intention were that the insurance as to this animal should be canceled.    In the case of Sanborn v. Sturtevant the plaintiff offered in evidence a written contract between the defendant and a third party.    The defendant then offered parol evidence to explain the recitals in the contract, and the court held that such evidence was competent, for the reason that the instrument was between the defendant and a stranger to the action, and, the plaintiff being neither a party nor a privy to the contract, the case was not within the rule that parol evidence is inadmissible to vary a written contract.    So, in the case at bar, the defendant is neither a party nor a privy to the indorsement canceling the insurance as to one horse.

We are, however, of the opinion that the case at bar is not one where it was attempted to change the terms of a complete written contract by parol evidence.    It is a case of a partial modification or cancellation of an insurance policy as to one of two horses, but the incomplete written indorsement of the cancellation fails to identify which one of the two the cancellation refers to; and we hold that parol evidence was competent to show which of the horses was dropped from the policy, and sustain the ruling of the trial court admitting such evidence on this ground, under the familiar rule that, if the language of a written instrument applies equally well to more objects than one, parol evidence is admissible to show to which the instrument relates.

2. The defendant's policy contained a provision to the effect that it should not be liable for any loss occurring at a time when any part of the premium was due and unpaid.    The trial court found that $7 of the $14, the amount of the premium, was paid when the policy was delivered, and that the balance was paid by commissions earned by the plaintiff in soliciting customers for the defendant, and credit given to him by it for the balance.    The defendant insists that this finding is not supported by the evidence.    We are of the opinion that it is.    The defendant admits that credit was given for the payment of the premium, but claims it was for 60 days only. The plaintiff denies this limitation, and gave evidence tending to show that there were open and mutual accounts between the par-

ties on account of his commissions and payments thereon, and that credit for the balance of the premium was given until a settlement of such accounts was had, and that such settlement had not been made when the loss occurred. This evidence fairly sustains the finding.

3. As to the defendant's counterclaims, we are of the opinion that the court allowed substantially all that the defendant was entitled to. When the amount due from the plaintiff to the defendant for premiums is allowed as a counterclaim in this case, the premiums are paid by deducting them from the amount due to the plaintiff from the defendant on account of the loss of the horse, and he is entitled to his full commissions on the premiums.

Judgment affirmed.