Briggs *v.* Smith.

---

## BRIGGS *vs.* SMITH.

*Mistakes* or *errors* of arbitrators, in respect to the matters submitted to them, cannot be inquired into, or corrected, in a court of law. Parol evidence cannot be received, therefore, to show such mistakes or errors.

But parol evidence to show that the arbitrators *exceeded their powers* is admissible in a court of law; and if that fact is proved, it will render the award void.

Thus where a submission was general, of all matters whatever *between the parties;* HELD that evidence to show that the arbitrators took into consideration

Briggs *v.* Smith.

matters not submitted to them, viz: matters between one of the parties and a third person, was admissible.

And where that portion of an award which is void for not being within the submission, is so connected with the rest of the award that it is impossible to distinguish between the valid and the invalid portions, the whole award is void.

Where, in an action upon an award, the defendant offered to prove by one of the arbitrators, " that the arbitrators took into consideration matters not submitted to them; also that they included in the award about fifteen perch of stone as the property of the defendant, and did not include it in the written award;" *Held* that this was not to be construed as one entire offer and therefore inadmissible as embracing a matter as to which no evidence could be received, viz: to show the mistake ; but that the proposition was to be treated as constituting two distinct offers, one of which was proper.

Where an objection to testimony is taken, on the trial, on a specific ground, and in such a manner as to induce the opposite party to believe that such is the sole ground, the party objecting will not be allowed, on appeal, to place his objection upon a different ground and one which, if it had been urged at the trial, might have been obviated.

Where there is not enough on the face of an award to show that the arbitrators did not go beyond the submission, parol evidence may be resorted to. And the arbitrators, or either of them, are competent witnesses to prove that matters were included in the award which were not contained in the submission; in a case where no bad faith on the part of the arbitrators is alleged.

THIS was an action originally tried before a justice of the peace of Saratoga county. The action was brought on an award of arbitrators, which award was in writing and produced in evidence, by which among other things, the arbitrators awarded that the defendant should pay the plaintiff $35 in sixty days and one-half the fees of the arbitrators, the whole being $15. The justice, on proof of the award and of the payment of the arbitrators' fees by the plaintiff, rendered judgment in his favor for the amount of the award and one-half the fees, amounting to $42.16 damages, and $2.09 costs. On the trial the defendant offered to prove by Jacob Osborn, *one of the arbitrators,* " that the arbitrators took into consideration matters not submitted to them ; also that they included in the award about 15 perch of stone as the property of the defendant, and did not include it in the written award ; and admitted with the offer that no bad faith on the part of the arbitrators was imputed. This was objected to by the plaintiff, on the ground " that the evidence to prove the offer is incompetent; that an arbitrator is incom-

petent to impeach his award." The justice sustained the objection, and the evidence was excluded. The defendant appealed to the county court of Saratoga county, where the judgment was affirmed, and he appealed to this court.

*H. W. Merrill,* for the plaintiff.

*John Lewis,* for the defendant.

*By the Court,* C. L. ALLEN, J. The only question presented in this case is, whether the evidence offered by the defendant should have been received. The evidence offered was two-fold in its aspect, 1. That the arbitrators took into consideration matters not submitted to them; and 2d. That they awarded that the defendant should have as his own property about fifteen perch of stone on the premises of the plaintiff, which through mistake was not included in the written award. It is not seriously contended that the latter offer was proper. It has been repeatedly held that no evidence of any kind can be given to *show a mistake in the award,* in an action at law upon it. (*Efner* v. *Shaw,* 2 *Wend.* 567. *Newland* v. *Douglass,* 2 *John. Ch.* 62. 9 *John.* 212. *Doke* v. *James,* 4 *Coms.* 567, 574. *Perkins* v. *Wing,* 10 *John.* 143. 12 *id.* 311. *Emmet* v. *Hoyt,* 17 *Wend.* 410. *Fidler* v. *Cooper,* 19 *id.* 286, 287. *Dater* v. *Wellington,* 1 *Hill,* 319.)

The other part of the offer presents a more serious question. In the case of *Butler* v. *The Mayor &c. of New York,* (7 *Hill,* 329,) which was a case in the court of errors, it was held that oral evidence may be given to invalidate an award by showing that the arbitrators exceeded their powers, though the submission and award be in writing and under seal. It was remarked that if the submission had been pursuant to the statute respecting arbitrations there is no doubt a court of law would have the power of vacating the award summarily on motion; but that such a mode of relief only obtained where by the agreement of the parties judgment might be rendered in a court of law upon the award made pursuant to the submission; but that in other

cases, that relief could be given in a court of law as well as in equity. That the evidence offered did not propose to *vary the written terms of the award,* but to show that the arbitrators did award as to matters not submitted to them ; and it was said to be analogous to the case of a special power of attorney, where oral evidence may be received to show that the act done was not within the scope of the attorney's authority. That *the award of arbitrators* is conclusive and absolute except in the specified case of misconduct, *or where they exceed their power.* " It would seem," say the court, " like a denial of justice, where arbitrators have transcended their powers, that the party shall be precluded from giving any proof, and be bound to submit, merely because the arbitrators have not made such a defect of authority apparent upon the face of the award."

In another report of the same case, (1 *Barb. S. C. Rep.* 325,) this doctrine is again repeated and affirmed, and the court say that such an award is a nullity and may be so declared by *any court* before which an attempt is made to enforce it.

In the *Matter of Williams,* (4 *Denio,* 194,) it was decided that on a motion to vacate an award under the statute, (2 *R. S.* 542, § 10,) the court is not confined to an examination of the submission and the award, but may receive affidavits, as to what took place at the *hearing,* to *show that the arbitrators exceeded their powers ;* and Bronson, Ch. J., in delivering the opinion of the court, remarks that in actions involving the validity of an award, " the rule in this state was formerly understood to be that you could not impeach the award by going behind it, and showing that the arbitrators exceeded their authority, or omitted to decide on all the matters submitted, and that this rule was followed by the supreme court in *Butler* v. *The Mayor &c. of New York.* But that on the reversal of that judgment by the court of errors, (7 *Hill,* 329,) the rule was settled the other way, and that now the parties may go behind the award, and if that can be done in an action it is quite clear that it may also be done on a motion to vacate the award ; and the award was vacated because the arbitrators had exceeded their powers."

As early as 1840, in the case of *Elmendorf* v. *Harris,* (23

*Wend.* 628,) the court of errors decided that an award made without notice of hearing to the losing party is void, and that such a defense could be set up in an action at *law* upon the bond, without the party's being compelled to resort to a court of equity. The want of notice was in this case proved by *parol,* it not appearing upon the face of the award. The point was passed upon and decided, that parol evidence may be resorted to in an action on the bond, to show the want of notice, as the supreme court whose judgment was reversed placed their decision upon the ground that if the person dissatisfied with the award wishes to amend it for any matters *dehors* the award, he cannot do it in a court of law. (*S. C.* 5 *Wendell,* 516, 520; *opinion of Ch. J. Savage. And see* 6 *Cowen,* 103 ; 8 *Pet.* 178.)

It has thus been the law, in this state at all events, since the decision of *Butler* v. *Mayor &c. of New York,* (7 *Hill,* 329,) that parol evidence to show that the arbitrators exceeded their powers is admissible in a court of law, and that if proved it renders the award void. It has not been doubted, unless in the recent case in the court of appeals of *Doke* v. *James,* (4 *Comst.* 567, 576.) In that case the arbitrators made two awards in writing, one dated 25th of February, 1848, in which they directed their own costs and expenses, amounting to $63, to be paid by the plaintiff Doke. In the other, under date of 6th March following, they stated their expenses at $63, but did not direct that Doke should pay them. The plaintiff's counsel offered to prove by one of the arbitrators that the award dated 25th March, 1848, did not, in fact, contain the decision of the arbitrators ; that it was signed by them without understanding its meaning and effect, and that they had been induced to sign it through false representations ; and that on ascertaining that they had made a mistake the arbitrators again assembled and made the second award. This evidence was objected to, both on the ground of the incompetency of the evidence, and of the inability of the arbitrators to impeach their own award; but it was admitted by the court below, and the defendant excepted. The case shows that the first award, after objection on the part of one or two of the arbitrators against the clause re-

quiring Doke to pay their fees, was finally signed and sealed by all of them and delivered to the plaintiff. The award of 2d March was only signed by two of the arbitrators. The court remark that the award of 25th February *upon the matters submitted* was conclusive between the parties until set aside, and no parol testimony, not even of the arbitrators, was admissible to contradict or impeach it. They decided that the arbitrators had exhausted their powers by the first award, and could not make another unless by consent of parties. I do not consider this decision as overriding or attempting to override that of the court of errors in *Butler* v. *The Mayor &c. of New York.* That case is not alluded to by Justice Mullett in his opinion, and he confines his remarks to the *matters submitted ;* that is, not that the arbitrators exceeded their powers, but that they had made and published one award, on the *matters submitted,* and could not be allowed to alter or explain it by attempting to make another, or by showing that they had awarded more than they intended, or had made a mistake. The cases cited by Justice Mullett in his opinion, most of them, were cited in the case of *Butler* v. *The Mayor &c. of New York,* and in the *Matter of Williams,* but were virtually overruled, by the court of errors, in the former case, and by the supreme court in deciding the latter case, so far as the point under consideration is concerned. The attention of the court of appeals, or of the learned judge who delivered the opinion, does not seem to have been directed to the case of Butler, and I am confident from a review of the facts, in the case in 4 *Comst.* and of the cases relied upon in support of the decision, that it was not the intention of the court to reverse or overrule the decision of the court of errors. The case of *Emmet* v. *Hoyt,* (17 *Wend.* 410,) decides no more than that mistakes or errors in law or fact upon the matters submitted cannot be reviewed in a court of law, but virtually admits that where there is a want of jurisdiction on the part of the arbitrators, (and excess of power is want of jurisdiction,) then the award is not final. That case merely involved a consideration of the merits, and all the matters sought to be re-

viewed were *fairly within the scope of the submission*, and the court said they could not interfere.

So in the case of *Fidler* v. *Cooper*, (19 *Wend.* 285,) the court say, "An award, properly made in pursuance of the authority conferred on the arbitrators, is conclusive as to all matters to which the submission extends, whether any particular matter included in the submission was laid before the arbitrators or not," and they cite *Wheeler* v. *Van Houten*, (12 *John.* 311,) which case is that on a submission to arbitration of all matters in difference between the parties, the award is conclusive on the parties as to all causes of action subsisting between them previously to the submission ; that is, the award is *final* as *to all matters within the submission.* So in *Dater* v. *Wellington*, (1 *Hill*, 319,) the court expressly said that whether the arbitrators erred on the *merits*, as a court of law they had no right to inquire, but if the questions had related to the power or jurisdiction of the arbitrators, they *could inquire.*

All these cases seem to admit the doctrine, which was set at rest in Butler's case, and decide just as clearly that mistakes or errors in the arbitrators as to the matters submitted to them, such as was attempted in the latter part of the defendant's offer in this case, cannot be inquired into or corrected in a court of law. It is remarked by the court in *Doke* v. *James*, that if the arbitrators did award as to matters not submitted to them, the award would only be void *pro tanto*, and would stand good as to the matters confessedly submitted. The learned justice cites, in support of that part of his opinion, *Martin* v. *Williams*, (13 *John.* 264.) That case decides that where part of an award which is void is *not so connected* with the rest as to affect the justice of the case, the award is void only *pro tanto ;* but where it is so connected it is void altogether. The case of *Jackson* v. *Ambler*, (14 *John.* 96,) decides nothing farther, but affirms the doctrine that if it had appeared that the arbitrators had exceeded their powers, the court would have been bound to deny to their decision any valid effect. Such is the conclusion, and no more, in *McBride* v. *Hagan*, (1 *Wend.* 326, 360.) The submission in this case, which was in writing, was a general one of all matters whatever *between the parties.* The offer

was to take into consideration matters not submitted to the arbitrators; and the parties both say in their points, that they took into consideration matters in difference between Reuben Perry and the defendant. It is impossible to determine from the award how much the arbitrators allowed was due from the defendant to the plaintiff, and how much was allowed as to the matter in which Reuben Perry was interested. It is impossible to distinguish so as not to affect the justice of the case; and within the decisions the award, if the facts offered to be proved were true, is wholly void. I think, on the whole, that the evidence, if it was properly offered, should have been received.

But the plaintiff objects that the offer as a *whole* was improper; that no evidence could be received to show the *mistake*, and as both matters were included in one offer, the evidence applied to both matters equally, and should have been received as a whole, and rejected as a whole. It has been conclusively shown, I think, that the evidence as to the mistake was improper and was rightly rejected. I doubt, however, whether it can be said that both matters were included in one offer. It is true, they were made in *consecutive* order, but it does not follow from that, that they were both *one* offer. The offer was in these words, "Defendant offered to prove by Jacob Osborn, one of the arbitrators, that the arbitrators took into consideration matters not submitted to them; (semicolon) *also* that they included in the award about 15 perch of stone," &c. through mistake. Now there is a pause between the two matters, making it pretty evident that these were intended to be two distinct offers. The defendant first offered to prove, 1, that the arbitrators exceeded their powers; *also*, 2, that they made a mistake in their award. Like the two counts in a complaint, where it has been held that in commencing a second count, it is sufficient to use the word *also*. It is very easy to distinguish between the two offers, and to pass upon each, and the offer, especially in a justice's court, where pleadings and offers are to be construed liberally, was sufficient unless specifically objected to. It is true it would probably have been more satisfactory and at least more decisive if the justice had been requested to decide and had decided, on each offer dis-

tinctly ; but I apprehend they were so stated as to make them two distinct offers. The offer embraced two distinct propositions, each of which was easily distinguishable, and each was in such plain, unequivocal terms, as to leave no room for doubt as to what was intended. (*Daniels* v. *Patterson,* 3 *Comst.* 47, 52.) They did "fit the case" nearly enough, and as far as intended in 1 *Peters,* 328, 337. The counsel for the plaintiff, while he insists that the matters were all embraced in one offer, relies upon his objection to their admission on two grounds ; first, that the evidence to prove the offer was incompetent, and second, that an arbitrator is incompetent to impeach his own award, and yet his objection is obnoxious to the very exception which he takes to the defendant's offer. It is in these words : " Objected by plaintiff that the evidence to prove the offer is incompetent; that an arbitrator is incompetent to impeach his own award," and the court returns " *objection sustained.*" According to his mode of arguing, the objections would all be included in the one sentence, and then it would stand based upon the specific ground that an *arbitrator* was *incompetent* to impeach his own award. It might be urged with the same force, that he was bound to make his objection more specific, if he intended to rely on any other ground than the one last stated. And it is more than probable from the phraseology in the return, that the justice rejected the evidence on that ground alone. None other is stated or pretended, and the fair inference is, no other was interposed or passed upon. If the objection had been put upon the ground that the offer embraced too much, the defendant would have had an opportunity to make them more separate and distinct. But the defendant by his stating in the latter part of his objection the only ground, probably misled the plaintiff, and should not now be permitted to change his ground and for the first time start a new one. The objection was not to the evidence, but to the means of proving it. In the case of *Harger* v. *Edmonds,* (4 *Barb.* 256,) the offer was to show that the waterworks were not put in repair after the commencement of the suit and were not in repair after the 1st January, 1847. This was one connected proposition to prove two connected facts, one

of which was inadmissible. In the case we are now considering they were separate facts not connected with each other, and separately stated. In *Beebee* v. *Bull*, (12 *Wend.* 504,) cited by the learned judge in the court below, the supreme court put their decision upon the very ground that the objection was too broad. "*A part of the evidence*" say the court, "*was clearly competent, but the objection went to the whole, and was properly overruled.*" I think that case decides the present, so far as the point now considering is concerned, but in a different way from that supposed by the court below. Here, the party took his objection in such a manner as to place it entirely upon the ground that the witness could not be sworn to impeach his own award, or at all events so as to induce the opposite party to believe, as he evidently did, that such was his sole ground. He now seeks to change his ground, and defeat his adversary upon an objection which, if it had been taken at a proper time, on the trial would have been obviated. This, in my judgment, he is not at liberty to do, and so are many of the cases. (*Bank of Salina* v. *Henry*, 2 *Denio*, 155. 8 *How.* 151.) The last case decided on this subject, and which is, I think, directly in point, is that of *Newton* v. *Harris*, (2 *Seld.* 345.) The court say, where an objection to testimony on a specific ground is made at the trial, no other ground of objection which could have been obviated, will be listened to on appeal. Had the objection been put originally on the ground urged on the appeal, the phraseology of the defendant's offer might perhaps have been modified. Even if the objection is vague or doubtful, it is too broad to be of any avail in the appellate court. (*Id.* 357.) Indeed this principle is too familiar with all to need further illustration or authority.

The only remaining question is whether the arbitrator was a competent witness to prove that matters were included in the award not contained in the submission. Arbitrators, (like jurors as to their verdict,) are not to be permitted to impeach their award. And the chancellor said in *Campbell* v. *Western*, (3 *Paige*, 126, 137,) that an arbitrator who has signed an award cannot be allowed to contradict his solemn act, and to say that he did not

concur in it, any more than a juror who has concurred in a general verdict would be permitted to swear he was not convinced it was right. In *Butler* v. *The Mayor &c. of New York*, (1 *Barb. S. C. R.* 325, 334,) before cited, the court remarked that where there was not enough, on the face of the award, to show that it did not go beyond the submission, parol evidence might be resorted to, and that the arbitrators or either of them were competent witnesses to prove that fact; unless *mala fides* should be alleged. Here the defendant expressly stated when the offer was made, that no bad faith on the part of the arbitrators was imputed. In such cases the evidence of arbitrators has often been admitted to show that they did or did not take into *consideration* any particular subject matter. And in the *Matter of Williams*, (4 *Denio*, 196,) the affidavits of the arbitrators were allowed, to show that the arbitrators exceeded their authority. These authorities seem to settle the question in favor of the competency of the witness.

The judgment of the county court and of the justice should be reversed.

[FRANKLIN GENERAL TERM, September 4, 1854. *Hand, Cady, C. L. Allen* and *James*, Justices.]