FERGUS DODDS, Appellant, *v.* MARIA SMITH HAKES, Respondent.

The power of arbitrators is confined strictly to the matters submitted to them, and if they exceed that limit, the award will, in general, be void.

It may be shown by oral evidence, in defense against or avoidance of an award, that the arbitrators acted in excess of their jurisdiction. .

Defendant leased to plaintiff a store, but was unable to give possession. Plaintiff claimed damages, and it was submitted to arbitrators to determine "what the damages should be." In an action upon the award it appeared the arbitrators allowed a gross sum, basing their award upon the value of the lease and the fact that plaintiff had been thrown out of business. *Held*, that the submission did not authorize any allowance for the loss of business plaintiff might have sustained from being deprived of the opportunity to occupy the store; and that, as the void part of the

award could not be separated from that which was within the jurisdiction of the arbitrators, the whole was void.

Where damages are claimed solely because of the failure of a lessor to give the lessee possession of the demised premises, its measure is the excess of the rental value over the rent reserved in the lease.

(Argued April 19, 1889; decided May 3, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made June 30, 1886, which affirmed a judgment of the County Court of Rensselaer county, entered upon an order nonsuiting plaintiff on trial.

The nature of the action and the material facts are stated in the opinion.

*James E. Freiot* for appellant. Where award and submission are unambiguous you cannot go behind the face of the submission or award to attack it. (*Cobb* v. *D. Mfg. Co.*, 108 N. Y. 468; *Doke* v. *James*, 4 id. 568.) Damages from breaking up Dodds' business and losing a good place for his business, were properly not allowed. (*In re Badger*, 2 B. & Ald. 691; *Emmett* v. *Hoyt*, 17 Wend. 410; *Cobb* v. *D. Mfg. Co.*, 108 N. Y. 463, 467.) The arbitrators were selected as plumbers (as experts) to determine upon this very question of special damage and to do so by their special knowledge. (*Wilberly* v. *Mathews*, 10 Daly, 153; 91 N. Y. 648; *Cobb* v. *D. Mfg. Co.*, 108 id. 463; *Smith* v. *Cutler*, 10 Wend. 569; *Fidler* v. *Cooper*, 19 id. 285; *Owen* v. *Boerum*, 23 Barb. 187, 196; *Locke* v. *Tilley*, 14 Hun, 139, 142.) No evidence of mistakes of fact or law can be given to invalidate award of arbitrators. (Morse on Arbitrations, 214–222; Russell on Arbitrations [3d ed.] 111–113; *De Castro* v. *Brett*, 56 How. Pr. 484, 487, 488; *M. R. Coal Co.* v. *Coal Co. of Onondaga*, 58 N. Y. 667; *Fudickar* v. *G. M. L. Ins. Co.*, 62 id. 392, 399, 400, 401.) The informalities in the award do not invalidate it. (*French* v. *New*, 20 Barb. 481; *Ott* v. *Schroeppel*, 5 N. Y. 482, 485; *Platt* v. *Smith*, 14 Johns. 368; *Jones* v. *Cuyler*, 16 Barb. 576, 579, 580; *Perkins* v. *Giles*,

50 N. Y. 228, 236; *Curtis* v. *Gokey*, 68 id. 300, 305; Code Civ. Pro. § 2365; *Diedrich* v. *Richley*, 2 Hill, 271; *Vosburgh* v. *Teator*, 32 N. Y. 561; *Bulson* v. *Lohnes*, 29 id. 291; *Cutter* v. *Cutter*, 16 J. & S. 470; *Browning* v. *Wheeler*, 24 Wend. 258; *Kelsey* v. *Darrow*, 22 Hun, 125; *Wiberly* v. *Mathews*, 91 N. Y. 648.)

*William J. Roche* for respondent. If the plaintiff had sought to recover upon the first count of the complaint, the measure of damages would be the difference between the rent which he agreed to pay and the actual yearly rental value of the premises. (McAdam on Landlord and Tenant, 143, 144, 145; *Trull* v. *Granger*, 8 N. Y. 115; *Dean* v. *Roesler*, 1 Hilt. 420; *Coleman* v. *King*, 19 Week. Dig. 551; *Larkin* v. *Misland*, 100 N. Y. 212.) Nor could the plaintiff recover anything for profits which he might have made in business, if he had obtained possession of the premises. (*Giles* v. *O'Toole*, 4 Barb. 261.) An award which is not within the terms or the substance of submission to the arbitrators is utterly void. The arbitrators are not the exclusive judges of their own powers. (*Borrows* v. *Milbank*, 5 Abb. Pr. 28; *Hiscock* v. *Harris*, 74 N. Y. 108; *People ex rel. Wasson* v. *Schuyler*, 69 id. 242, 247; *Halstead* v. *Seaman*, 82 id. 27, 31; *Briggs* v. *Smith*, 20 Barb. 409; 4 Denio, 144.) In case Dodds had come into court to recover damages because of the defendant's failure to put him in possession, his recovery would be limited to the sum which he could prove the store to be worth over and above the rent reserved. This fair, legal measure of damage was the only one which Mrs. Hakes could suppose under the submission, would be regarded by the arbitrators. (*Fudickar* v. *G. M. L. Ins. Co.*, 62 N. Y. 392, 401; *B. W. P. Co.* v. *Gray*, 6 Metc. 168; *Kent* v. *Estob*, 3 East, 18; *In re D. V. R. Co.*, 6 L. R. 429.) If the arbitrators considered matters which were not in fact submitted to them, their award is void, and the invalidity extends to the entire award, it being impossible to separate the element of damages alleged to have been sustained by reason of Dodds

being thrown out of business, from the other element of damages, namely, the difference in the rental value of the property and the rent reserved. (*Brown* v. *Hankerson*, 3 Cow. 70; Morse on Arbitration and Award, 178, 181.)

BROWN, J. This appeal brings up for review the decision of the county judge of Rensselaer county, which dismissed the plaintiff's complaint and gave judgment for the defendant. The action was upon an award made by arbitrators under a parol submission of certain differences between the parties. It appeared that the defendant, in February, 1884, had leased to the plaintiff a certain store in the city of Troy for the term of one year beginning May 1, 1884. Defendant was unable to put plaintiff in possession of the store and a claim for damages being made, it was submitted to the arbitrators to decide, who made an award to the plaintiff of $1,000. The complaint appears to have been dismissed upon the ground that the arbitrators in making their decision exceeded the authority conferred upon them by the submission, and that their award was, therefore, void.

Upon the trial, the plaintiff called the arbitrators as witnesses to prove the agreement to arbitrate and also to prove the award. Each upon cross-examination was asked what the basis of their award was, and how it was made up. The answers to this question were allowed over the plaintiff's objection, and the exception taken to this ruling of the court presents one of the grounds upon which the appellant asks a reversal of the judgment. The evidence objected to was admissible. It may always be shown by parol evidence, in defense or avoidance of an award, that the arbitrators acted in excess of their jurisdiction. (*Briggs* v. *Smith*, 20 Barb. 409; *Butler* v. *Mayor*, etc., 7 Hill, 329; *People* v. *Schuyler*, 69 N. Y. 247; Morse on Arbitration and Award, 213, 214.)

The purpose of such evidence is not to vary the terms of the award, but to show that the arbitrators did award on matters not submitted to them. The law is well settled that the power of arbitrators is confined strictly to the matters submitted

to them, and if they exceed that limit their award will, in general, be void.

They cannot decide upon their own jurisdiction, nor take upon themselves authority by deciding that they have it, but must, in fact, have it under the agreement of the parties whose differences are submitted to them, before their award can have any validity, and the fact of jurisdiction, when their decision is challenged, is always open to inquiry. (*Jackson* v. *Ambler*, 14 J. R. 96 ; *Halstead* v. *Seaman*, 82 N. Y. 27 ; *Briggs* v. *Smith*, *supra*.)

In motions to set aside awards under the statute of this state, courts are not confined to an examination of the submission and award, but may receive affidavits as to what took place at the hearing to show that the arbitrators exceeded their powers. (*Matter of Williams*, 4 Denio, 194.) Under these authorities evidence was admissible to show that the award was in excess of the jurisdiction of the arbitrators.

We must now look into the evidence to determine whether the decision was confined to the matters submitted to them. The plaintiff and defendant and both arbitrators were sworn as witnesses on this question, and there was, substantially, no difference between them as to the terms of the submission. The contract and its breach were admitted, and the question in dispute, and which was submitted to the arbitrators, was "what the damages should be." The defendant claimed also that "the good will of the business" should be considered. This expression referred to the value of the store as a stand for a plumber's business, it having been occupied for such purposes for several years prior to the lease to the plaintiff. It did not enlarge the authority of the arbitrators, as it was but an element in the value of the lease. The arbitrators testified that their award was based upon the value of the lease and the fact that Mr. Dodds had been thrown out of business, and the trial court held, and the respondent now claims, that the latter element was one not included in the submission and that its allowance vitiated the award.

As I have already pointed out, the matters submitted related

wholly to damages growing out of the failure to give plaintiff possession of the leased property, and we think this did not include any allowance for the destruction of plaintiff's business. There was nothing said upon that subject in the submission to the arbitrators, and no such claim appears to have been made by the plaintiff in any of the conversations with the defendant prior to the agreement to arbitrate. An arbitration, like all other agreements, must be construed and interpreted with reference to the intent of the parties, so far as such intent is consistent with the language of the contract.

The term damages is one of very broad meaning, but, applied to contracts, it is limited to such as may be supposed to have entered into the contemplation of the parties, and flow naturally from the violation of the agreement, and are certain in their nature, having respect to the cause from which they proceed; and speculative profits and accidental and consequential losses are not recoverable. (*Cassidy* v. *Le Fevre*, 45 N. Y. 562; *Hamilton* v. *McPherson*, 28 id. 72.) We think the loss of business which plaintiff might have sustained from being deprived of the opportunity to occupy the store in question was not within the terms of the submission. The rule in all cases when damages are claimed solely from the failure of the lessor to give the lessee possession of the leased property is well settled, and limits the plaintiff's recovery to an amount represented by the excess of the actual rental value over the rent reserved in the lease. (*Trull* v. *Granger*, 8 N. Y. 115; *Pumpelly* v. *Phelps*, 40 id. 60.) In the use of the term "damages," therefore, in the submission as applied to the contract in question, we think the parties must be deemed to have intended that rule or measure of recovery which the law applies in analogous cases. The decision, included matters not submitted to the arbitrators and the whole award was void. If the part of an award which is void cannot be separated from that which is within the jurisdiction of the arbitrators, the whole is void. (*Brown* v. *Hankerson*, 3 Cow. 70; Morse on Arbitration

and Award, 178–181.)   In this case the award was of one sum of $1,000, and it is impossible to separate that which is good from that which is bad.

These views lead to an affirmance of the judgment.

All concur, except PARKER, J., not sitting, and BRADLEY, J., not voting.

Judgment affirmed.