By the Court.—Freedman, J.
The plaintiff leased certain premises at No. 1237 Broadway from the defendants to be used as a saloon. The lease was for three years from May 1, 1883, at a rent of $375 per month payable in advance. The plaintiff covenanted that he would yield up possession of the premises for two months during the summer of 1883, but still pay the rent for the same. The defendants were themselves lessees of the same property, and the object of surrendering the possession for the two months was to enable the owner to make alterations in the property by changing it and partially rebuilding it *497 and adding one or two stories to the building. The plaintiff entered under the lease and paid the rent as agreed down to July 1,1883, when he vacated the premises to allow the owner to make the contemplated alterations, but he was unable to regain possession, because of the dismantled condition of the premises, until on or about March 10, 1884, when he obtained only a part thereof. He then continued in such possession until November 28, 1884, when, at the suit of the defendants, he was dispossessed because he refused to pay full rent for the six months between September 10th and March 10th, and also refused to pay full rent from March 10th to November 28th. At the time of taking the lease the plaintiff deposited with the defendants the sum of $2,300, as security for the payment of the rent. After November 28th he commenced an action in the Supreme Court to recover that sum, setting up that he was not bound to pay rent during the six months that the premises were entirely destroyed, and only bound to pay rent to be apportioned for that portion of the premises which he occupied thereafter, and praying to have the apportionment determined by the court and deducted from his deposit and for judgment for the balance.
In that action the court held that the plaintiff was not liable for any rent during the six months from September to March, and only for rent to be apportioned for the period between March and November, and after determining what that was, and deducting it from the amount of the deposit, the court gave to the plaintiff a judgment for the balance. This judgment was affirmed upon appeal and the litigation covered by it is at an end.
The plaintiff then commenced the present action to recover damages to the amount of $20,000 alleged to have been sustained in consequence of the failure of the defendants to have the premises com *498 pletely rebuilt within the two months referred to.
The defendants, by their answer, denied the damages and pleaded that all claim therefor was waived by the voluntary return of the plaintiff without objection to the premises, and also that the judgment of the Supreme Court was res judicata as to such claim. '
The trial judge refused to dismiss plaintiff’s complaint, refused to hold that the said judgment was res judicata as to the claim, and allowed the plaintiff to give evidence, and the jury to consider it, of loss of profits in the business carried on upon the premises and of expenses’incurred by the plaintiff in making the premises fit for his use. The exceptions taken by the defendants call for a review of these rulings.
The loss of profits was limited to a period of six months preceding the 10th day of March, but even with this limitation the ruling constituted error.
Profits, to be recoverable, must be the direct and immediate fruit of the contract, and must be independent of any collateral engagement or enterprise entered into in expectation of the performance of the principal contract. If they are of this character, they are part and parcel of the contract itself and enter into and constitute a portion of its very elements. If they are not of this character, they are excluded, not because they are in themselves remote, but because they depend wholly upon contingencies, which are so many, so various and so uncertain. If they are also remote, that constitutes an additional reason for excluding them. Parsons on Contracts, vol. 3, pp. 181-183. To the same legal effect is the rule as stated in Griffin v. Colver, 16 N. Y. 489, and in Dodds v. Hakes, 114 lb. 260.
Judged by these rules the profits sought to be recovered in this case were clearly contingent, if not remote. The plaintiff was kept out - of the *499 premises by no fault of the defendants, but by the act of their paramount landlord, and hence it cannot be deemed that the loss of profits was contemplated by the parties at the time of the execution of the lease as a direct and immediate result of a possible breach of the contract. The plaintiff in fact did business for about two months only, and then vacated the premises under his covenant that he would do so for two months to enable repairs and alterations to be made. Whether or not he could have gone back after the expiration of the two months last referred to, if the premises had then been completed as they should have been, and could have made any profits for six months continuously thereafter, depended upon many, various and uncertain contingencies. It was purely problematical, and consequently the supposed lost profits were purely contingent and speculative.
Moreover, in Hayden v. Florence Sewing Machine Co., 54 N. Y. 221, it was expressly held that in the case of a tenant suing to recover damages for having been wrongfully removed from the premises under a warrant issued by ajustice in summary proceedings, damage done to his business is not recoverable. In Giles v. O’Toole, 4 Barb. 261, which was an action by a lessee against the lessor to recover damages for a wilful refusal to give possession of the demised premises, and the decision of which has been approved and followed in many cases, the same ruling was made as to profits, and the measure of damages was held to be the damages arising from expenses incurred in preparing to remove to and occupy the premises together with the difference between the real value of the rent and the sum agreed to be paid. And in Dodds v. Hakes, 114 N. Y. 260, the rule as to damages for failure to give possession of demised premises was stated as follows : “ The rule in all cases when damages are claimed solely *500 from the failure of the lessor to give the lessee possession of the leased property, is well settled, and limits the plaintiffs recovery to an amount represented by the excess of the actual rental value over the rent reserved in the lease. Trull v. Granger, 8 N. Y. 115 ; Pumpelly v. Phelps, 40 lb. 59.”
These rules clearly show that it was error to allow the plaintiff to testify, and the jury to consider the testimony, as to the alleged loss of profits, and that the measure of damages which should have been adopted, was the amount represented by the excess of the actual rental value which the premises would have had if they had been completed in time, over the rent reserved in'the lease.
The error pointed out necessitates a new trial, and consequently it is not necessary to determine the other questions in the ease.
The judgment and order should be reversed and a new trial ordered, with costs to the appellants to, abide the event.
Sedgwick, Oh. J., concurred.