(24 Misc. Rep. 522.)

### SHULTZ et al. v. BRENNER.

(Oneida County Court. September, 1898.)

1. LANDLORD AND TENANT—BREACH OF CONTRACT TO RENT—DAMAGES.
    Damages for breach by the lessor of a contract to rent cannot be re-
    covered beyond the time for which lessees under their contract had a right
    to possession of the premises.

2. SAME.
    The measure of damages for lessor's breach of a contract to rent is
    the difference between the rent reserved and the rental value of the prem-
    ises.

3. SAME.
    The value of time spent by lessees in looking for other premises is not
    an element of damages for lessor's breach of a contract to rent.

4. APPEAL—EVIDENCE—PREJUDICIAL ERROR.
    Where inadmissible evidence must have been taken into consideration
    in order to make the damages equal the verdict, its admission is preju-
    dicial error.

Appeal from justice court.

Action by Jacob Shultz and another against Christian Brenner to
recover damages for breach of a contract to rent a house to plain-
tiffs. From a judgment for $22.65 and costs for plaintiffs, defend-
ant appeals. Reversed.

R. O. Jones, for appellant.

Edward Lewis, for respondents.

DUNMORE, J. The alleged contract was by parol, and the only
evidence given upon the trial on the part of the plaintiffs as to its
terms was given by the two plaintiffs. Plaintiff Zimmer testified as
follows:

"I asked Brenner about renting the house on Hickory street. He said he
would rent it to us if we could agree on the rent. He asked $10 a month.
I offered $8. He said he would take $9 to May 1, 1897, then $10. I spoke
about city water, and he said he would put it in in May, 1897. I saw and
went through the house. Defendant said our living together was satisfac-
tory. Shultz said he was satisfied with the rent as agreed upon. I said we
would want to take possession February 15, 1897, and he said we could find
the key at Ricks'. I asked him if he wanted any writings, and he said it
wasn't necessary. The rent was to be paid at the end of each month."

Plaintiff Shultz testified as follows:

"We went up to see Brenner. We were to pay one-half each of the rent.
Brenner asked us in, and said he asked $10. We offered $8. He said we
could have it till May 1, 1897, for $9 a month, and balance of year at $10,
and he would put in city water. We told him we would take possession Feb-
ruary 15, 1897."

There is no evidence as to the length of time that plaintiffs agreed
to take the place, nor any evidence as to the length of time that de-
fendant agreed to let it to them; so that the terms of the contract
would have been satisfied had the defendant permitted the plaintiffs
to take possession of the house and occupy it for one month. Plain-
tiffs therefore cannot recover damages for a period beyond the time
for which they had a right under their contract to retain possession
of the premises.

The measure of damages in such actions as this is the difference between the value of the premises and the rent reserved. Coleman v. King, 19 N. Y. Wkly. Dig. 551; Dodds v. Hakes, 114 N. Y. 260, 265, 21 N. E. 398; Trull v. Granger, 8 N. Y. 115. "The damages must of necessity be limited to the value of the right as given by the lease of which the lessee has been deprived." Eastman v. City of New York, 152 N. Y. 468, 473, 46 N. E. 841.

The evidence showed that the place was worth $12 per month. The difference between that and the rent reserved, $9 per month, was $3, which was the utmost plaintiffs were entitled to recover upon the trial. The plaintiffs had a verdict, however, of $18. The damages were therefore clearly excessive. Upon the trial plaintiffs were allowed to prove against defendant's objection that they each spent three days looking for other premises, one of them with a horse; and one testified that his time was worth $3 per day, and the other that his time was worth $2 per day. While it does not appear how the $18 verdict was made up, yet had the justice allowed one of the plaintiffs $3 a day for three days, the other $2 a day for three days, and $3 damages for one month's occupancy, it would amount to the $18, the amount of the verdict; and the verdict may have been made up in that way. The evidence of the time spent by the plaintiffs and the value of their services in looking up other premises was incompetent, and its admission was error. Coleman v. King, 19 N. Y. Wkly. Dig. 551; Dodds v. Hakes, 114 N. Y. 260, 265, 21 N. E. 398; Trull v. Granger, 8 N. Y. 115; Eastman v. City of New York, 152 N. Y. 468, 473, 46 N. E. 841.

As the damages proven were insufficient to amount to the verdict without the damages claimed for the time of the plaintiffs in looking up other premises, the natural inference is that the time of the plaintiffs was included, and that inference may be properly drawn from the return. It has been held that where improper testimony is received, which not only may have influenced the judgment, but which the return in terms states was taken into consideration in finding the facts, the appellate court cannot disregard the error, although there appears to be evidence in the cause which would have been sufficient to sustain the same finding had the illegal testimony been rejected. Belden v. Nicolay, 4 E. D. Smith, 14. We think the same conclusion would follow where it appears that the illegal evidence must have been taken into consideration in order to make the damages equal the amount of the verdict. For the reasons given, the judgment must be reversed, with costs.

Judgment reversed, with costs.