## CULLEN et al. v. SHIPWAY et al.

(Supreme Court, Appellate Division, First Department.   January 9, 1903.)

1. AWARD—VALIDITY—ISSUES.

Defendant contracted to furnish certain work in a building for a fixed price, and to make allowances if the amount fell short of certain specified measurements. Thereafter the parties contracted as to certain extra work. On completion of the work they disagreed as to whether the second contract superseded the first, and submitted the disagreement to two arbitrators, and, on their failure to agree, to a third. That plaintiffs were entitled to certain allowances if the first contract was in force was unquestioned, and was not submitted. *Held*, that an award based on the decision of the third arbitrator that the first contract was in force, and that under it plaintiffs were not entitled to any allowance, was properly set aside as based on a question not submitted to arbitration.

2. SAME—DEPOSIT TO PAY CLAIM—INJUNCTION.

Where, pending a hearing before arbitrators, plaintiffs deposited in bank a sum sufficient to pay the claim of defendants if they succeeded in establishing it at such hearing, a judgment setting aside the award establishing such claim properly enjoined defendants from drawing such money from the bank.

Appeal from special term, New York county.

Action by John Cullen and another against John H. Shipway and others to set aside an award of arbitrators. From a judgment setting aside the award, defendants appeal. Affirmed.

¶ 1. See Arbitration and Award, vol. 4, Cent. Dig. §§ 285, 329.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Frederick Hulse, for appellants.
Charles J. Hardy, for respondents.

McLAUGHLIN, J.   The defendants entered into a contract with the plaintiffs to furnish and set all the marble and marble mosaic work required in the construction of an addition to the Metropolitan Museum of Art in the city of New York.   The contract consisted of a written proposition in the form of a letter from the defendants to the plaintiffs and their acceptance of the same.   The following is so much of it as is material to the question presented on this appeal.

"New York, September 10, 1898.

"Messrs. Cullen & Dwyer, 107th Street and First Avenue—Gentlemen: We propose to furnish and set all the marble and marble mosaic work according to the plans and specifications of R. H. Hunt, Esq., architect, that is required in the new building of the Metropolitan Museum of Art for the sum of $18,000. We further agree that, should the quantity of Terrazzo granite center be less than 39,000 feet, we will make you an allowance of 20 cents per foot; should the quantity of mosaic border be less than 5,000 square feet, we shall make you an allowance of one dollar per square foot; should the quantity of base be less than 3,800 lineal feet, we will make you an allowance of $1.50 per lineal foot.   *   *   *   Please send us a written acceptance of this letter, and oblige,

"Yours very truly,               John H. Shipway & Bro."

The plaintiffs answered this letter as follows:

"New York, September 14, 1898.

"Messrs. John H. Shipway & Brother—Gentlemen: We hereby accept your estimate of the 10th inst. on the marble and marble mosaic work at the Metropolitan Museum of Art, New York City, for the sum of $18,000.

"Yours truly,                Cullen & Dwyer."

Immediately following the receipt of this letter the defendants commenced and thereafter completed the work contemplated, and a dispute then arose as to the amount due for the work performed and materials furnished.   The question in dispute was, by consent, referred to two arbitrators, who, being unable to agree, selected, with a like consent, a third one.   The third arbitrator, "without consultation with either of the other original arbitrators, or without hearing anew any of the witnesses, and without having heard any of the testimony taken, although the testimony as taken had been reduced to typewriting for the use of the third arbitrator," made an award in defendants' favor, and thereupon the plaintiffs brought this action to set aside the same. They were successful at the special term, and it is from the judgment there entered that the defendants have appealed.

We are of the opinion that the award was properly set aside, upon the ground that the third arbitrator exceeded the jurisdiction conferred upon him by the parties.   The real question in dispute—and this is what the parties agreed to arbitrate—was whether the plaintiffs were entitled to certain credits by way of rebates, and this depended upon whether the original contract, as set forth in the letters hereinbefore quoted, and which is designated as "Contract No. 1," was in force, or whether that contract was superseded by another one relating to extra

work, designated "No. 2." The plaintiffs contended that contract No. 1 was in force, while the defendants insisted they were not bound by that, but by contract No. 2. There was no dispute between the parties but that, if contract No. 1 were in force, the plaintiffs were entitled to the rebates therein provided. Thus, at the opening of the hearing before the two arbitrators originally selected, one of the defendants, in stating what the defendants claimed, said:

"We have completed our work according to these last plans, and have rendered our bill as agreed, and Messrs. Cullen & Dwyer refuse to pay same on the ground that they are entitled to certain reductions which were provided for in contract No. 1. We, on the other hand, claim that we are entitled to the full amount, according to our agreement with the architects and Messrs. Cullen & Dwyer."

The agreement referred to with the architects is the one designated "No. 2," and, when one of the defendants was asked by one of the arbitrators as to the nature of the dispute, he replied:

"We claim that contract No. 1 is void, and that at the time we made contract No. 2 with the architects and Cullen & Dwyer, that Messrs. Cullen & Dwyer were aware of the fact that the three items of deduction were eliminated, because, while we knew that according to contract No. 1 a certain credit would be due Messrs. Cullen & Dwyer for base omitted, we also knew that the work we were putting in would cost us considerably more than the original contract, and that one item would set off the other."

This was the issue which the parties agreed to arbitrate, and all of the testimony offered by them was directed to this issue, and nothing else; and yet the third arbitrator, without consultation with either of his colleagues, and without the knowledge or consent of the parties, held that their rights were to be determined by contract No. 1, and under that contract the plaintiffs (having accepted it "without conditions") were obligated to pay to the defendants $18,000, and were not entitled to any rebate whatever, no matter how little of the stone mentioned as entitling them to a rebate was used. This was a matter which had never been referred, and for the obvious reason that both of the parties agreed that under contract No. 1 the plaintiffs were entitled to a credit or rebate, and the arbitrator had no power to determine otherwise. He had no jurisdiction to pass upon the question, and the conclusion reached by him was not binding upon the parties. The rule seems to be well settled that the power of arbitrators is confined strictly to the matters submitted to them for determination, and any award made on any other subject is void. Dodds v. Hakes, 114 N. Y. 263, 21 N. E. 398. In the case just cited the court said:

"The law is well settled that the power of arbitrators is confined strictly to the matters submitted to them, and, if they exceed that limit, their award will, in general, be void. They cannot decide upon their own jurisdiction, nor take upon themselves authority by deciding that they have it, but must in fact have it under the agreement of the parties whose differences were submitted to them, before their award can have any validity; and the fact of jurisdiction, when their decision is challenged, is always open to inquiry."

Here the arbitrators were not asked to construe contract No. 1, or determine its legal effect, and when the third arbitrator proceeded to do that he was doing what the parties had never agreed he should do, and, as already stated, he therefore acted without jurisdiction, his award was void, and was properly so held by the special term.

·Other questions are presented on the appeal, but after an examination of them it seems necessary to consider only one. Pending the hearing before the arbitrators, the plaintiffs obtained from the city the amount due from it to them as contractors, out of which they deposited in the Twelfth Ward Bank a sum sufficient to pay plaintiffs' claim if they succeeded in establishing it before the arbitrators. The judgment appealed from not only set aside the award, but enjoined the defendants from drawing this money from the bank. We are of the opinion that this was properly done. Defendants are not entitled to that money, nor have they any interest in it. The money was deposited only to satisfy the award, if made. This being so, the award being set aside, the court very properly enjoined the defendants from drawing the money.

The judgment is right, and should be affirmed, with costs. All concur.