ROSENBERG et al. v. FRANKEL et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1908.)

1. INDEMNITY—CONTRACT TO INDEMNIFY—ACTIONS—MEASURE OF DAMAGES.

On the surrender of a lease and the refunding of deposits as security, defendants, the lessees, entered into an agreement with plaintiffs, the lessors, that all the tenants of the premises were monthly tenants, and guaranteed to indemnify plaintiffs for any costs, charges, expenses, and counsel fees they might be put to by reason of any of such tenants claiming that they were not monthly tenants, and that, should legal proceedings be instituted to recover the premises from any of such tenants and the defense be that they had rented the premises for a period longer than a month, defendants would aid plaintiffs to recover possession of said premises and hold them harmless for costs, charges, counsel fees, and expenses incurred. Plaintiffs conveyed the premises to B., with a covenant against incumbrances. Later B. sued plaintiffs for damages caused by some of the tenants holding under yearly tenancies, and recovered

judgment. Defendants failed, on notice, to defend the action. It appeared that B. had made extensive improvements in the property, increasing the rental value, and that such increase furnished the basis for the recovery. Plaintiffs brought action on the agreement to recover the amount of B.'s judgment and costs. *Held,* that the measure of damages for breach of the agreement sued on was the difference between the actual rental value of the premises at the time of the agreement and the rent reserved in the leases, precluding recovery for increased rental value owing to improvements.

2. SAME—ATTORNEY'S FEES.

Plaintiffs were not entitled to recover the value of the services of their attorney in prosecuting the action against defendants; their recovery for such expenses being limited to the costs allowed by statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indemnity, § 17.]

Appeal from Municipal Court, Borough of Richmond, Second District.

Action by Charles Rosenberg and another against Rosa Frankel and another. From a judgment for plaintiffs, Rosa Frankel appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Nathaniel Tonkin, for appellant.
William M. Mullen, for respondents.

MILLER, J. This is an appeal from a judgment of the Municipal Court. The defendants, being lessees of premises owned by the plaintiffs, surrendered their lease, and at the same time made an agreement, the material part of which I quote:

"That all the tenants of said mentioned premises are monthly tenants and their terms of tenancy expire with the current month. * * * That upon the representations by us made to Salomon Steinfeld and Charles Rosenberg that the said premises are rented to monthly tenants only, the said Salomon Steinfeld and Charles Rosenberg are induced to accept the surrender of the said mentioned premises and refunding us the several deposits of security relying upon the truthfulness of the representations by us made to them. That in the event of any tenant or tenants claiming that their tenancy is for a longer period than a monthly tenancy, that we hereby guarantee to indemnify and hold harmless the said Salomon Steinfeld and Charles Rosenberg, or either of them, for any and all costs, charges, expenses, and counsel fee they or either of them may be put to by reason of any tenant or tenants claiming they are not monthly tenants. That, should legal proceedings be instituted against any of the tenants now in said mentioned premises for the recovery of the premises occupied by them, and the defense be that they have rented the premises for a longer period than a monthly tenancy, that we shall aid the said Charles Rosenberg or Salomon Steinfeld to recover the possession of the said premises and hold him harmless for all costs, charges, counsel fee, and expenses incurred by reason of such action, and make good to him on demand all damages, costs, charges, and expenses incurred."

Thereafter the plaintiffs conveyed said premises to one Barr, with a covenant against incumbrances. Subsequently Barr brought an action against the plaintiffs in the Municipal Court, claiming damages by reason of the fact that two of the tenants in possession at the time of the surrender of said lease aforesaid were holding under yearly tenancies, and recovered a judgment for the sum of $108. The defendants had notice to defend said action, but omitted to do so. This action is

brought on the provisions of the agreement quoted supra, and the plaintiffs have recovered the amount of the judgment recovered in the action brought by Barr, the sum of $10 expense of employing counsel for defending said action, and the sum of $40, the amount paid the plaintiffs' attorney for the trial of the present action. The judgment roll in the action brought by Barr against the plaintiffs is not annexed to the return on appeal. It was not received in evidence on the question of the plaintiffs' damages. The plaintiffs' proof on that subject was that after the purchase of the property by Barr the latter expended several thousand dollars in improvements, and that by reason thereof the rental value of that portion of the premises occupied by the tenants referred to supra had increased; and it must be assumed that such increase furnished the basis for the recovery in this case, because it is undisputed that the rent reserved in the leases to said tenants was the full rental value of the premises in the condition in which they were at the time of the making of the agreement sued upon.

It was error to allow proof of the value of the services of the attorney for prosecuting this action. The plaintiffs' recovery for the expense of prosecuting this action is limited to the costs allowed by statute. The measure of damages for the breach of the agreement sued upon was the difference between the actual rental value of the premises and the rent reserved in the leases. Dodds v. Hakes, 114 N. Y. 260, 265, 21 N. E. 398. The actual rental value must be determined according to the condition of the premises at the time of the making of the agreement. Any increased rental value due to subsequent improvements of the property was not within the contemplation of the parties to the contract, and hence not recoverable.

The judgment is reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur, except HIRSCHBERG, P. J., not voting.