LOUIS BERNARD LIEBERMAN and JACOB DORF, Respondents, *v.* GRAF REALTY HOLDING COMPANY, INC., Appellant.

First Department, November 17, 1916.

Landlord and tenant — action at law by tenant for landlord's failure to give possession of demised premises — measure of damages.

In an action at law by tenants against their landlord to recover damages for the failure of the latter to give possession of all of the demised premises, it appeared that the plaintiffs leased from defendant the ninth loft of a building; that in consideration thereof and by a separate agreement, the defendant agreed to allow plaintiffs to use a certain space in the basement for the agreed rent; that when plaintiffs moved in the loft, the basement not being in a condition for occupancy, they were allowed to occupy, temporarily, space in the first loft without payment of additional rent; that thereafter defendant refused to allow plaintiffs to occupy any part of the first loft unless they took a lease of the whole thereof, and plaintiffs thereupon executed such a lease at a certain rental. After the expiration of the leases the plaintiffs brought this action for damages.

*Held*, that the measure of damages, in such a case, is the amount represented by the excess of the actual rental value over the rent reserved in the lease;

That the plaintiffs are entitled to recover the difference, if any, between the rental value of the ninth loft alone and of that loft plus the agreed space in the basement, for the period from which they began to pay rent for the first loft until the expiration of the leases.

APPEAL by the defendant, Graf Realty Holding Company, Inc., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 14th day of January, 1916, upon the verdict of a jury for $3,500, and also from an order entered in said clerk's office on the 2d day of February, 1916, denying defendant's motion for a new trial made upon the minutes.

*Louis Vorhaus,* for the appellant.

*Charles. G. F. Wahle,* for the respondents.

SCOTT, J.:

The action is by tenants against their landlord to recover damages for the failure of the latter to give possession of all of the demised premises.

On October 16, 1912, plaintiffs leased from defendant the ninth loft, being the tenth floor of a building belonging to defendant and then uncompleted. The term of the lease was to be from February 1, 1913, until January 31, 1916. It had been agreed between the parties that, along with the ninth loft, the plaintiffs should have the use of a space of about 2,500 square feet in the basement, for the agreed rent. The defendant was unwilling to include this basement space in the lease lest other tenants of lofts might demand a like concession, but it did execute and deliver to plaintiffs at the same time that the lease was executed an agreement under seal whereby it agreed "to install a parquet flooring in the show room, not to be more than twenty by twenty-five feet; and to furnish them [the plaintiffs] with a basement room to be used by them exclusively in connection with their business, during the term of the lease signed by them." It was recited that plaintiffs had signed the lease of the ninth loft in consideration of the promise to the above effect by defendant, and that in order that the lease so signed should be binding on plaintiffs the "said parquet flooring and basement room must be given to them by the landlord, otherwise the lease between said parties of even date herewith to be null and void."

The lease and the collateral agreement must be read together, and so read the plaintiffs became the lessees of and

First Department, November, 1916.          [Vol. 174.

entitled to the possession and enjoyment, during the term of their tenancy, of both the ninth loft and the basement space.

When the term of the lease began in February, 1913, and plaintiffs moved into and took possession of the ninth loft, the condition in the basement was such that defendant could not deliver possession of space therein to plaintiffs, and it was mutually agreed that in substitution therefor plaintiffs should occupy temporarily, and without payment of additional rent, about 3,500 feet of space in the first loft or second story which was then apparently unleased. This arrangement continued until July, 1913, when defendant refused to permit plaintiffs to continue to occupy any part of the first loft unless they took a lease of the whole loft, containing about 10,750 square feet. The plaintiffs accordingly, on July 9, 1913, executed a lease of said loft at the annual rental of $4,000, the payment of such rent to commence on January 31, 1914, until which date plaintiffs were to occupy the loft, but to pay no rent. The lease was to terminate on January 31, 1916, the date on which the lease of the ninth loft would terminate. As to this first loft (but not as to the ninth) the tenants were given the right to sublet.

The plaintiffs continued in occupation of the two lofts and paid the stipulated rent therefor until near the end of the leases, and then commenced this action for damages. The complaint contains general allegations of fraud, conspiracy and the like whereby plaintiffs were led to make the lease of the first loft, but these allegations are wholly immaterial and irrelevant, because no relief is asked respecting said lease. The action as outlined in the complaint is a simple action at law for damages for defendant's failure to put plaintiffs into possession of the basement space referred to in the collateral agreement accompanying the first lease.

What the measure of damages is in such a case is perfectly simple and well defined. It is an amount represented by the excess of the actual rental value over the rent reserved in the lease. (*Dodds* v. *Hakes,* 114 N. Y. 260, 265.)

Although the learned trial justice charged the jury at considerable length he did not clearly impress upon them this simple rule for measuring the damages, but left that question

to their discretion unhampered by any definite rule. Indeed he submitted to them, apparently with approval, an entirely fallacious and erroneous method of calculating the damage based upon the assumption that the rental value of 2,500 square feet of space in the basement was equivalent to the rental value of 3,500 square feet of space in the first loft, and that that amount could be estimated on the basis of $4,000 per annum rental for 10,750 square feet. There is nothing to show that the value of space in the basement and in the first loft is the same, and every presumption is to the contrary, and even if the jury adopted this erroneous basis for estimating the damages, their verdict is apparently too large by about $1,000.

It is clear from the evidence that for the first few months of the term of the first lease the use of space in the first loft was understood by both parties to be merely temporary, to take the place of the space in the basement until the latter could be made available. While that temporary arrangement lasted plaintiffs suffered no damage. Nor did they suffer any pecuniary damage while they were in possession of the first loft under the second lease, but were required to pay no rent therefor. During all that period they had the use, without extra cost to themselves, of the space which they had accepted and were apparently content to accept in lieu of space in the basement. Their real damage began on January 31, 1914, when they were obliged to pay rent for the first loft. Thereafter they held the whole of that loft, including the 3,500 feet they had used since February, 1913, not in substitution for and in lieu of the space in the basement, but under the tenancy arising out of the second lease. What they are entitled to recover, therefore, is the difference, if any, between the rental value of the ninth loft alone, and of that loft plus the agreed space in the basement, for the two years from January 31, 1914, to January 31, 1916. That difference may be difficult of proof, and may be found to be, at most, very small. There is no clear proof on the subject in the evidence before us, and the defendant, for that reason, insists that the complaint should have been dismissed at the trial, and that we should now not only reverse the judgment but dismiss the complaint, since it

argues that a new trial should not be ordered but merely that the plaintiffs recover nominal damages.

It appears to be clear that defendant was in default and that plaintiffs are entitled to at least nominal damages, and it is, of course, true that if they claim to recover substantial damages the burden rests upon them to offer proof to establish such damages, and if, upon the record as it stands, the trial had resulted in a verdict for nominal damages we should hesitate to disturb it.

It is possible that upon a new trial in which the true rule of damages is appreciated and adhered to, the plaintiffs will be able to prove that they have suffered some substantial damage, and we think that an opportunity should be afforded them to do so.

The judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.