Arthur L. Fullman, Appellant, v. George V. Ellis Plumbing and Engineering Co., Inc., Respondent.

(Supreme Court, Appellate Term, First Department, December, 1917.)

Arbitration and award — rules governing arbitration proceedings — judgments — appeal — Municipal Court Code, § 6(6).

> Where an award of an arbitrator appointed pursuant to section 6(6) of the Municipal Court Code is based upon an issue not submitted to him by the arbitration agreement, the judgment entered upon the award must be reversed.

> Under rule 5 of the rules governing arbitration proceedings the clerk of the court, unless a request in writing not to enter judgment upon an award is filed by both parties, must do so within two days after the filing of the award.

Appeal by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, rendered in favor of the defendant.

Arthur L. Fullman, for appellant.

John L. Bissell, for respondent.

Guy, J. The plaintiff appeals from a judgment entered upon an award of an arbitrator agreed upon by the parties pursuant to a provision of the Municipal Court Code.

Subdivision 6 of section 6 of the Municipal Court Code confers jurisdiction upon the Municipal Court "To provide systems of conciliation and arbitration and to enter judgment upon an award of arbitrators." Pursuant to such authority the court has established a system of arbitration and adopted rules. The parties to this controversy signed a consent according to rule

II of those rules which provides that: " The persons desiring an arbitration shall sign a consent which shall contain the name of the arbitrator, a brief recital of the nature of the controversy to be determined and a statement that they will abide by these rules." The questions submitted by the agreement of arbitration were two, viz.: " Plaintiff claims from defendant $100 for money loaned. Defendant denies the loan, and claims $330 being balance of the proceeds of a certain promissory note for $1,280, alleged to have been delivered by defendant to plaintiff to be discounted. Plaintiff denies this claim."

The arbitrator has made a report finding in favor of the entry of a judgment in favor of the defendant for the sum of $405. This report was filed with the clerk of the Municipal Court on August 30, 1917, and the clerk entered a judgment thereon on the 4th day of September, 1917. Rule III of the aforesaid rules requires that " no record of the proceedings before the arbitrator shall be kept," and as the record before us contains only the report of the arbitrator the judgment cannot be reversed unless reversible error can be shown to exist by the record itself. We need consider but two of the points urged as grounds for reversal: (1) That the arbitrator exceeded his power and gave a judgment for the defendant based upon an issue not submitted to him by the arbitration agreement and (2) that judgment was illegally entered by the clerk. But two issues were presented to the arbitrator for his determination: Did plaintiff loan the defendant the sum of $100 and did the defendant deliver to the plaintiff a promissory note to be discounted by the plaintiff and the proceeds turned over to the defendant? It appears from the report that the note in question was made by the Elo Building Company of which one Olson was president. The note was made payable to one Ellis, the president

Appellate Term, First Department, December, 1917.    [Vol. 102.

of the defendant. Ellis indorsed it and as stated by the arbitrator in his report the defendant " needed the money badly to meet its payroll and satisfy material-men," and having no banking facilities delivered it to one Walker, who is the vice-president of the defendant company, who took it to the plaintiff for the purpose of raising money upon it. As to what the arrangements were between Walker and the plaintiff regarding the note the report says, " I find that Mr. Fullman's (plaintiff) version of the agreement with Walker with relation to the disposition of the Olson note was the correct·one. That the note was transferred absolutely to him for $750, the balance of the proceeds to be applied in reduction of his bill against Mr. Walker for $650."

The arbitrator also found that the plaintiff subsequently loaned the defendant the sum of $100 as claimed by him. Having thus found in plaintiff's favor upon the only questions submitted to him by the arbitration agreement the plaintiff was entitled to a judgment in his favor for the sum of $100, but the arbitrator then proceeded to determine as a matter of law that Walker, the vice-president of the defendant company, had no authority to transfer the note to the plaintiff and apply any portion of its proceeds to the payment of the debt of $650 owing by him, and that consequently the plaintiff was liable to the defendant in a sum expressing the difference between the sum of $750 theretofore received by the defendant and the amount of the note, less the sum of $100, as a fee for its collection. It may be said here that the indebtedness of Walker was for legal services rendered, largely for and in the incorporation of the defendant company.

The arbitrator states in connection with this transaction that, " Walker was applying the balance of the note to a bill that troubled him and at that time on the

financial side Walker and the company were pretty much the same thing.''

The determination of this question by the arbitrator involved passing on the direct or implied authority of Walker or of ratification of his acts by the defendant. Nothing of this kind was submitted by the arbitration agreement and '' The law is well settled that the power of arbitrators is confined strictly to the matters submitted to them, and if they exceed that limit their award will, in general, be void.'' *Dodds* v. *Hakes,* 114 N. Y. 260–263.

As before stated the award was filed with the clerk on August thirtieth but the judgment was not entered until September 4, 1917. Rule 5 of the rules governing these proceedings declares that '' The arbitrator shall make his award in writing and file the same forthwith, together with his opinion, if any, with the clerk of the proper district. Unless both parties file a request in writing not to enter judgment, the clerk shall within two days after the filing of the award enter judgment in accordance therewith, provided the award has been filed within thirty days from the date of filing the consent.'' The consent bears date of August 3, 1917. The clerk's duties were mandatory and he certainly had no power to enter judgment after the expiration of two days.

Judgment reversed, with thirty dollars costs to the appellant.

BIJUR and PHILBIN, JJ., concur.

Judgment reversed, with costs.